RALEY, *Appellant,* v. WILLIAMS.

**Estoppel.** The plaintiff being familiar with the title to certain lots, was applied to by defendant for information as to the title of one S. thereto. He replied that it was good so far as he knew. Relying upon this information, defendant purchased of S. Plaintiff knew that the inquiry was made with a view to purchase. At the time of giving the information he had a tax title to the lot, but did not know, or, at least, did not remember it. *Held,* that under these circumstances he was estopped to assert his title as against the defendant.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*James Raley* for appellant.

*Higbee & Shelton* for respondent.

SHERWOOD, C. J.—The plaintiff, when applied to by defendant for information concerning the title of Sumner to the property in dispute, replied that " the title was good so far as he knew." Plaintiff was familiar with the title to the property, and defendant being about to purchase it of Sumner, was directed to plaintiff by several others, for information respecting the title to the lots, and relying on the information thus obtained, purchased them of Higbee, the attorney of Sumner. At the very time that plaintiff responded, as aforesaid, to the inquiry mentioned, he had in his possession a certificate of purchase of the lots in question, and had been the possessor thereof for over a year prior to the period of the inquiry. The only reason plaintiff gives for the untruthful response he made is, that at the time he made it, he held some one hundred and fifty or two hundred tax certificates, and did not then know, nor did he know until at or after the time he obtained his deed, that the lots sued for were included in such certificates. Granting that plaintiff's excuse for misleading defendant

was grounded on fact, a very doubtful matter considering his conduct shortly after defendant's purchase, still such concession will avail plaintiff nothing. He is estopped from claiming the lots as thoroughly as though every word he uttered was known by him at the time of its utterance to be absolutely false—since the evidence clearly shows that he knew defendant was about to purchase of Sumner, had come to plaintiff for information, and relied on the information he was thus obtaining. In such circumstances plaintiff was in duty bound to give what he knew to be correct information, or else to refuse information altogether, and cannot now shelter himself behind the plea of momentary ignorance respecting the desired information. If a man " makes a misrepresentation as to what he ought to have known, and what he did at one time know, although he alleges that at the particular moment he had forgotten it," and injury ensues, the maker of the misrepresentation is equally as answerable, equally bound to make such misrepresentation good, equally estopped from asserting the contrary of his misrepresentation, as if he knew when uttering it, it was false. *Burrowes v. Lock*, 10 Ves. 470; *Slim v. Croucher*, 1 De G., F. & J. 518; Bigelow on Estop., 473, *et seq.*; 1 Story Eq. Jur., § 193. Judgment affirmed. All concur, except RAY, J., absent.