PENN MUT. LIFE INS. CO. v. MECHANICS' SAVINGS BANK &
TRUST CO.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1896.)

No. 343.

LIFE INSURANCE — MISREPRESENTATIONS IN APPLICATION — CONSTRUCTION OF
STATUTE—"GOOD FAITH."
    A statutory provision that no immaterial misrepresentation in the application shall avoid the policy unless it is made "in bad faith" (Act Pa. June 23, 1885), means, with an actual intent to mislead or deceive, and does not include a misstatement, honestly made, through inadvertence, or even gross forgetfulness or carelessness. 72 Fed. 413, reaffirmed.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

This was an action at law by the Mechanics' Savings Bank & Trust Company, of Nashville, Tenn., against the Penn Mutual Life Insurance Company, on a policy of insurance on the life of John Schardt. The circuit court gave judgment for the plaintiff on the verdict of a jury, and the defendant brought error. This court heretofore affirmed the judgment (72 Fed. 413), and the defendant has now filed a petition for a rehearing.

F. C. Maury and J. B. Daniel, for plaintiff in error.
Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

TAFT, Circuit Judge. This is a petition for rehearing by the plaintiff in error. The action below was on a policy of life insurance, and resulted in a verdict and judgment against the defendant, the insurance company. In the opinion heretofore filed in the case we reversed the judgment of the court below for an error in excluding evidence, and for the guidance of the court below in a new trial we considered other questions upon the record. The Pennsylvania statute which controlled the construction of the policy provided, in effect, that no misrepresentation in the application should avoid the policy unless it was either made in bad faith or was material to the risk. It appeared upon the trial that in answering a question as to other life insurance upon his life the insured had stated three policies aggregating $16,000, but had omitted one which he had for $5,000. The court below refused to charge the jury that this misrepresentation avoided the policy because necessarily made in bad faith, even if it was not material to the risk. In this we held there was no error, and we are pressed by the petition for a rehearing to examine the correctness of our holding. The argument of learned counsel is that a misrepresentation in bad faith, within the meaning of the statute, is an untrue statement,

made under such circumstances that it would, if resulting in injury, support a recovery in an action for deceit at common law; that in such an action, if the fact misrepresented is one concerning defendant's own affairs, of which he must at some time have had personal knowledge, he is held to a knowledge and recollection of it at the time of the statement, and cannot be heard in defense to say that inadvertently and through forgetfulness he made the statement in the honest belief of its truth. Therefore it is said that in this case the court below should have told the jury that, as the insured must have known of the omitted policy when he took it, he is conclusively presumed to have known it when he signed his application, and so to have made the statement concerning his other insurance in bad faith. The argument is unsound. We have here to deal with the statutory meaning of the phrase "misrepresentation in bad faith." "In bad faith" is not a technical term used only in actions for deceit. It is an ordinary expression, the meaning of which is not doubtful. It means "with actual intent to mislead or deceive another." It refers to a real and actual state of mind capable of both direct and circumstantial proof. A man may testify directly to his knowledge and intention if they are in issue, and they may also be inferred from circumstances. If a man makes a statement in the honest belief that it is true, he does not make that statement in bad faith, even if his honest ignorance of the truth is the result of the grossest carelessness. The fact that he could only be ignorant through gross carelessness may be evidence to show that he was not ignorant, and therefore spoke in bad faith; but, grant his honest belief in his statement, and there cannot be bad faith on his part in the ordinary sense in which those words are used in the English language. This is the sense in which they are used in the Pennsylvania statute. Therefore it would clearly not have been bad faith in the insured if he made the statement concerning his other insurance in the honest belief in its truth, and omitted the $5,000 policy through forgetfulness and inadvertence.

Whether actual bad faith must be shown in common-law actions for deceit to justify a recovery has been the subject of much controversy, and it has been finally settled in England by the decision of the house of lords in Derry v. Peek, 14 App. Cas. 337, that there can be no recovery in such an action whenever the defendant made the statement complained of in the honest belief of its truth, however unreasonable such belief. Such, too, would seem to be the holding of the supreme court of the United States in Lord v. Goddard, 13 How. 198 (see, also, Biggs v. Barry, Fed. Cas. No. 1,402), though, in view of some of its later cases, the question may still be an open one in the latter court. Iron Co. v. Bamford, 150 U. S. 665, 14 Sup. Ct. 219. There is much authority in this country supporting the view that an action for deceit may be maintained against one making an untrue statement, though in the honest belief of its truth, if there was no reasonable ground for such belief; or, to put it in another way, if he ought to have known the truth. Cooley, Torts (2d Ed.) p. 585. Nearly all the cases upon which the petitioner relies are cases in equity of rescission or equitable es-

toppel in which bad faith is never indispensable as an element, and such of them as are English are expressly distinguished on this ground in Derry v. Peek; Burrowes v. Lock, 10 Ves. 470; Raley v. Williams, 73 Mo. 310; Bullis v. Noble, 36 Iowa, 618. The other English cases relied on are, of course, controlled by Derry v. Peek. The other American cases are cases of misrepresentation in contracts of insurance made the basis of the contract, and given a contractual effect. Towne v. Insurance Co., 7 Allen, 51; Byers v. Insurance Co., 35 Ohio St. 606. The conflict of authority in regard to actions for deceit is whether actual bad faith is necessary to sustain the action, and not whether an untrue statement, founded on an honest belief in its truth, though inadvertently or forgetfully or negligently made, is a statement in bad faith. Here the statute expressly declares the material issue to be whether the misrepresentation was made in bad faith. This relieves us of all difficulty. The statute means what it says. It does not mean constructive bad faith. It does not mean gross negligence, which some courts have held sufficient to sustain an action for deceit. It means the same actual intent to mislead that must be found in convicting one of the crime of false pretenses, and surely honest belief in the misstatement, through forgetfulness and inadvertence, is a defense to such a charge. The reference to the essential basis of recovery in common-law actions for deceit only tends to confusion because of the conflict of authority, and is in no way helpful in construing the statute. The petition is denied.