### BRADY v. EVANS et al.

(Circuit Court of Appeals, Sixth Circuit. February 2, 1897.)

#### No. 419.

BANKS AND BANKING—FALSE STATEMENTS—ACTION AGAINST DIRECTORS BY DEPOSITOR— PLEADING.

In an action of deceit against the directors of a bank for making false statements 'as to its condition, whereby the plaintiff was induced to leave in the bank a deposit, previously made, which was lost by the failure of the bank, it is not sufficient to allege that the plaintiff was induced to remain a depositor by the statements so made, but it must be directly averred that, but for such statements, he would have withdrawn his deposits before the failure of the bank.

In Error to the Circuit Court of the United States for the District of Kentucky.

Ed. C. O'Rear and T. J. Bigstaff, for plaintiff in error.

Wm. H. Holt, M. S. Tyler, Lewis Apperson, J. M. Benton, and Ed. W. Hines, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SAGE, District Judge.

TAFT, Circuit Judge. This is a writ of error to a judgment of the circuit court for the district of Kentucky. Brady, the plaintiff below and plaintiff in error, filed his petition against the defendants, alleging that they were directors of the New Farmers' Bank of Mt. Sterling, Ky., a banking corporation; and that on and after the 30th of June, 1893, and prior to the 27th of July, 1893, the defendants published in newspapers and otherwise a statement of the condition of the bank, which statement the plaintiff read; and, as he avers in his petition, it was relied on by him "in making the deposits hereinafter stated; the said published statements being published and circulated by the defendants, the said board of directors of the said bank, with the intention that the public receiving and reading them should rely upon them as being true." The statements are then set forth, showing a prosperous condition of the bank. The petition then proceeds:

"Plaintiff says that he was a depositor at said bank, and had his money there on deposit, and that, relying upon the said published statement, and upon the said statement of the said bank and its said directors as true, and believing that its assets numbered among its resources stated above were collectible and solvent,

as he was induced by said published statement to believe, and believing that the said bank had the capital stock and surplus and undivided profits as stated above, and as stated in said published statement, and believing that it had earned the sum stated hereinabove for the six months prior to said statement, and that of the said earnings it had been able to pay to its stockholders a semiannual dividend of three per cent., this plaintiff was induced to believe, and did believe, that said bank was solvent and good and safe, and thereby he was induced to permit, and did permit, three thousand one hundred and four dollars and twenty-four cents ($3,104.24), previously deposited by him in the said bank, to remain therein on deposit, when, on July 27, 1893, without this plaintiff knowing that the aforesaid published statements were untrue, the said bank made a deed of assignment for the benefit of its creditors to one R. B. Young, and that said deed of assignment was placed to record, and the affairs of said bank are now being wound up under the said trust."

The petition then avers that on the 30th day of June, and every day thereafter, the bank was insolvent, and that the statements concerning its condition published by the defendants were false. The petition then proceeds:

"And plaintiff now avers that each and all of the aforesaid false statements were known by all of the defendants herein sued to be false when made, or, by the exercise of ordinary diligence upon their part, could have been ascertained by them to be false, before the making of the same, one of which facts is true, but which plaintiff does not know; and plaintiff did not know at the time of any of said published statements, or of his reliance thereon as aforesaid, that they, or any of them, or any part of either of them, were untrue. And plaintiff avers that by reason of said false statements, and of his said reliance thereon, this plaintiff has suffered damage, and is damaged in the sum of two thousand, eight hundred and ninety-three dollars and eighty-two cents ($2,893.82), and that he sustained the said damage as of the 27th day of July, 1893."

To this the defendants filed a general demurrer. The demurrer was sustained on the ground that the averment in respect to the knowledge of the defendants of the falsity of the statements was not sufficient to entitle the plaintiff to hold them in an action of deceit. Thereupon the plaintiff filed an amendment to the petition, in which the averment of the defendants' knowledge was as follows:

"Each and all knew that the said published statements set out in the petition herein were all made by the said defendants and directors, and that they and each of them knew that the said published statements when made were not true to a material degree, and as stated in the petition; or that said published statements were made by each of the said defendants herein as of their own knowledge, they making said published statements as true, when, in point of fact, they did not know whether the said statements were true or false, and plaintiff says that one of said averments above as to defendant's knowledge and making of said statements sued on is true, but which one plaintiff does not know; and that the said statements were untrue at the time made, and the plaintiff did not know that said statements were untrue when made, and when he acted upon them: and that he believed they were true in so acting, as stated in the petition; and they were made by the defendants and each of them with the intent that the plaintiff should rely upon said statements as being true."

Upon demurrer to this amended petition the court again sustained the demurrer, whereupon the plaintiff moved for leave to file a second amended petition, in which the averment with respect to knowledge by the defendants of the statement was as follows:

"That the defendants knew them to be untrue when they were made; or that the defendants, not knowing whether they were true, made and published them as stated, in reckless disregard of the truth, and as of their own knowledge.

Plaintiff says that either the statement that defendants knew said statements were untrue when published, or the statement that they published them not knowing whether they were true or not, but published them as of their own knowledge, is true; but which of said alternative statements is true plaintiff does not know."

The defendants objected to the filing of this amended petition, which objection was sustained by the court, and the amended petition was thereupon dismissed, and judgment rendered for the defendants. The second amended petition, which was tendered and not allowed to be filed, was embodied in the bill of exceptions.

As the court treated the demurrer below, it raised a nice and much-mooted question in the law of deceit. That question is, how much actual knowledge the defendant in an action for deceit must be shown to have of the falsity of the statement which is the basis of the action before he may he held liable. We have had occasion to comment on the diversity of views upon this question in Penn Mut. Life Ins. Co. v. Mechanics' Sav. Bank & Trust Co., 19 C. C. A. 317, 73 Fed. 653, where we said:

"Whether actual bad faith must be shown in common-law actions for deceit to justify a recovery has been the subject of much controversy, and it has been finally settled in England by the decision of the house of lords in Derry v. Peek, L. R. 14 App. Cas. 337, that there can be no recovery in such an action whenever the defendant made the statement complained of in the honest belief of its truth, however unreasonable such belief. Such, too, would seem to be the holding of the supreme court of the United States in Lord v. Goddard, 13 How. 198 (see, also, Biggs v. Barry, Fed. Cas. No. 1,402), though, in view of some of its later cases, the question may still be an open one in the latter court. Iron Co. v. Bamford, 150 U. S. 665, 14 Sup. Ct. 219. There is much authority in this country supporting the view that an action for deceit may be maintained against one making an untrue statement, though in the honest belief of its truth, if there was no reasonable ground for such belief; or, to put it in another way, if he ought to have known the truth. Cooley, Torts (2d Ed.) 585."

We are relieved, however, from deciding the nice question suggested by a defect in the petition, which the learned judge of the circuit did not, in his view of the law, find it necessary to consider. The common-law action for deceit is an action in tort. There can be no recovery unless it can be shown that injury was done and loss occasioned by the false statement relied upon. In actions of this sort it was long ago laid down that fraud without damage or damage without fraud would not give rise to such an action. Derry v. Peek, L. R. 14 App. Cas. 337–343. It must, therefore, clearly appear upon the face of the petition that the false statement complained of actually caused loss to the plaintiff. In this case it appears that at the time the statement complained of was made the plaintiff was a depositor in defendants' bank, and the averment is that he was induced to remain a depositor by these statements. He does not aver that, but for these statements, he would have withdrawn his deposit before the failure of the bank. The date of the statements precludes the possibility that he was induced to make the deposits in the bank because the deposits were all made before the statement. The fact is, therefore, that he lost nothing by reason of the false statements, unless he would have done something but for the false statements; otherwise he was not induced to alter his position by the statements, and no loss

was occasioned to him thereby. It may be argued that the words he was "induced to remain" imply that otherwise he would not have remained a depositor. But we think that, as the action of deceit is founded on fraud, every element of the cause of action must affirmatively appear. While the common-law rule that the pleadings must be construed most strictly against the pleader has been abrogated under most code systems, it is not required, even under the code system, that every equivocal word or phrase shall be construed most strongly in favor of the pleader. On the contrary, the meaning of the pleader must be fairly ascertained, without regard to technical rules, from the whole instrument. Robinson v. Greenville, 42 Ohio St. 625; Crooks v. Finney, 39 Ohio St. 57. The words of the petition really charge no more than that the plaintiff, being a depositor in the defendants' bank, acquired confidence in its safety from the statements made; whereas, if he had known the truth, he would not have remained a depositor. It is not enough in deceit to show that, if the plaintiff had known the truth, he would have done otherwise than he did. It must appear that he did otherwise than he would have done if the false statement had not been made to him. We concur with counsel for the defendants in error in the view that:

"When one alleges that, relying upon a certain statement, he altered his condition, that is sufficient to show that the statement was the moving cause; but where the allegation is that, relying upon a certain statement, he failed to alter his condition, that is not sufficient to show that the statement was the cause of his failure to alter his condition. but he must go further, and allege that he would have altered his condition but for the statement. In the one case there is a presumption that there was some cause for the alteration of his condition, and it is sufficient to allege what that cause was. In the other case the failure to alter his condition does not require the assignment of any cause, the presumption being that he would continue in the position in which he had placed himself until something happened to induce him to change it; and therefore he must affirmatively allege that he would have changed his position but for the act of defendants of which he complains."

For this reason we think the action of the court below in sustaining the demurrer was correct. Judgment affirmed.