## BROOKE *v.* COLE.

An action of deceit can not be supported by proof of damages resulting from the breach of a warranty either express or implied. This is so for the reason that the action is one ex delicto, and such proof relates to a cause of action arising ex contractu.

Argued May 23, — Decided July 22, 1899.

Action of deceit. Before Judge Berry. City court of Atlanta. November 26, 1898.

*Alexander & Victor Smith*, for plaintiff in error. *T. E. Patterson, Dorsey, Brewster & Howell*, and *A. Heyman*, contra.

LITTLE, J. An action was brought by Cole against Brooke to recover a judgment for the sum of $180.00. The petition makes the following allegations: Brooke induced petitioner to purchase 450 bushels of milling corn, by falsely and fraudulently representing the corn to be white, wholesome, and suitable for milling purposes. Petitioner, relying on the representations of Brooke, or his agent, purchased the corn for the sum of $180.00. The corn was not of the quality represented, but was unsound, rotten and unwholesome, entirely worthless and of no value whatever, all of which Brooke well knew, but deceived petitioner in the sale of the corn, to his damage in the sum of $540.00, for which he prays judgment. He was damaged the purchase-price of the corn, to wit $180.00, besides special damages in the sum of $360.00. Amendments were made to the petition, but they are not necessary to be here set out. In his answer the defendant admitted the sale and delivery of the corn for the price of $157.82, and denied the other allegations of the petition. The jury returned a verdict in favor of the plaintiff for $157.50, besides interest. Defend-

ant made a motion for a new trial, on several grounds. The motion was overruled, and he excepted.

As will be seen by reference to the petition, the right of the plaintiff to recover is based on three propositions: (1) that, to induce the purchase of the corn, the defendant falsely and fraudulently represented it to be wholesome and suitable for milling purposes; (2) that, relying on these representations, the plaintiff purchased the corn; (3) that the representations were false, and such falsity known to the defendant, who deceived the plaintiff in the sale. These allegations make the action one to recover damages, in the nature of a writ of deceit; and, to recover, it is necessary that all these allegations shall not only have been made, but proved. An action of deceit charges the commission of a tort. *Bates* v. *Forsyth*, 69 *Ga.* 365; *Cheney* v. *Powell*, 88 *Ga.* 629. To recover in such an action, it must appear that a representation was made, that it was false to the knowledge of the party making it, or made with the intention to deceive the purchaser. *Wooten* v. *Calahan*, 32 *Ga.* 382. When in such an action there were no misrepresentations to induce the plaintiff, to enter into the contract and no misplaced confidence on the part of the plaintiff, and the transaction was otherwise free from fraud, a nonsuit should be granted. *Morris* v. *Morris*, 95 *Ga.* 535. In the case of *Wooten* v. *Callahan*, 26 *Ga.* 366, this court ruled that, "In deceit, it is indispensable that a scienter be both alleged and proved," citing 18 *Ga.* 291, 404; 1 Smith's Lead. Cas. 777. And again, in the case of *Green* v. *Bryant*, 2 *Ga.* 66, this court held, in an action on the case for deceit, that "The foundation of this action is fraud and deceit in the defendant, and damage to the plaintiff. Fraud without damage, or damage without fraud, gives no cause of action, but when these two concur an action lies."

The evidence in this case disclosed that Cole placed with a broker an order for a car of corn, indicating the price and quality. The broker gave the order to the plaintiff in error, who was a wholesale dealer in corn. The car of corn under this order was shipped by Brooke to Cole. By uncontradicted evidence it is shown the seller never saw the corn, and the purchase and sale were conducted by correspondence. The

evidence fails to disclose that any representations whatever were made by the seller to the purchaser to induce the purchase of the corn. It is true that the evidence tends to show that the corn was badly damaged, not suitable for the purposes for which it was bought, and that the purchaser sustained loss in consequence of the inferior quality of the grain; but no fraud of any character is proved; and it may be that if the defendant in error had elected to bring an action on the contract, or for the breach of an express or implied warranty, he would have been entitled to recover such damages as he sustained. But, however this may be, in the absence of misrepresentations of the character of the article sold, made to induce the purchase, on which the purchaser acted to his damage, there can be no recovery in an action of this character. Even if there had been an express warranty, the purchaser could still have brought an action to recover damages for the deceit, if the facts warranted it. In such a case the contract may be waived and the action brought for the tort. *Dye* v. *Wall*, 6 *Ga.* 584; *Larey* v. *Taliaferro*, 57 *Ga.* 443. Inasmuch as the petition set out a cause of action which the evidence in the case failed to sustain, a verdict for the plaintiff was unauthorized, and a new trial should have been granted on the ground that the verdict was contrary to law and the evidence.

*Judgment reversed. All the Justices concurring.*