Appeal from Third District.

## WITHEROW v. MYSTIC TOILERS.

No. 2706.   Decided Nov. 16, 1916.   Rehearing denied Dec. 28, 1916
(161 Pac. 1126).

1. INSURANCE — REINSURANCE—ACCEPTANCE — SUFFICIENCY. Where the secretary of the defendant fraternal society submitted a written proposal to another society, in which the deceased was insured, that defendant assume its obligations in consideration of a transfer of all the property of the insurer to defendant subject to the approval of the defendant's directors, a delivery and acceptance of the property in accordance with the contract and the subsequent correspondence between the defendant and the plaintiff, wherein the defendant in effect recognized the obligation as its own, by seeking to avoid it on the ground of breach of warranty, was sufficient evidence of approval of the contract to make a prima facie case.   (Page 178.)

2. INSURANCE—FRATERNAL INSURANCE—ACTION ON POLICY—QUESTION FOR JURY. In action on a policy of fraternal insurance, the question as to the physical condition and health of the deceased when the certificate was issued to him *held* for the jury.   (Page 179.)

3. APPEAL AND ERROR—REVIEW—FINDINGS. A verdict on conflicting evidence is final.   (Page 179.)

4. INSURANCE—FRATERNAL INSURANCE—FALSE WARRANTIES. Where the false statements of the deceased in his application for life insurance in a fraternal association related to slight injuries which did not affect his general health, they will not avoid the contract unless they are material to and increase the risk of loss.   (Page 179.)

5. INSURANCE—FRATERNAL INSURANCE—BREACH OF WARRANTY—QUESTION FOR JURY. In an action on a policy of fraternal insurance, whether the deceased's failure to state, seven months prior to obtaining the certificate, he was visited by a physician for a sprained knee or that some years prior thereto he had injured his nose which had caused nosebleed, substantially increased the chances of loss insured against or were material to the risk, *held* for the jury.   (Page 179.)

Appeal from District Court, Third District; Hon. *F. C. Loofbourow*, Judge.

Action by Mary Witherow against the Mystic Toilers, a fraternal and beneficiary society.

Vol. 49—12

Judgment for plaintiff, defendant appeals.

AFFIRMED.

*E. A. Walton,* for appellant.

*L. B. Wight,* for respondent.

STRAUP, C. J.

The deceased, Wm. J.| Witherow, as is alleged, on the 23d day of September, 1910, became a member of a mutual benefit society known as the Fraternal Order of Mountaineers, and on the same day, in such order, had his life insured in favor of his mother; that he died on the 19th day of October, 1910; that on the 15th day of December, 1910, the defendant, the Mystic Toilers, also a fraternal and beneficial society and a corporation, in consideration of taking over the assets and property of the Fraternal Order of Mountaineers, agreed to pay the loss of the certificate, but failed to do so. The defendant denied liability on its part and pleaded a breach of war· ranty. The plaintiff had judgment, from which the defendant appeals.

The first point made is that there is no evidence to show that the defendant at any time had agreed or assumed to pay the obligation. There is evidence to show that the secretary of the defendant, assuming to act for it, did so agree. That is, that he, as such secretary, submitted a written proposal to the Fraternal Order of Mountaineers that in consideration of the defendant's paying, among others, the claim in question, the defendant should receive all the property, furniture, assets, books, records, etc., of the Fraternal Order of Mountaineers, which proposition was accepted by the order and its property, assets, books, and records delivered to the defendant; but the proposal contained a provision that the ''contract presented'' by the defendant's secretary was subject to the approval of the insurance department of Iowa and of the supreme directors of the defendant. The contention made is that there is no evidence of such approval. There is no direct evidence, but we think there is indirect

evidence.   This because (1) of the delivery and acceptance
of the property, etc., in accordance with the contract, and (2)
the subsequent correspondence between the defendant and
the plaintiff wherein the defendant in effect recognized the
obligation as its obligation, but sought to avoid it on the sole
ground of the deceased's breach of warranty in falsely and
fraudulently misrepresenting his condition of health and mak-
ing other misstatements of alleged material facts when he
obtained the insurance.   When proofs of death were furnished
the defendant, it did not reject the claim upon the ground
that it was not its obligation, but upon the sole ground "that
the insurance was obtained fraudulently," by the deceased
misrepresenting his state of health.   At least we think a
prima facie case in such respect was made to put the defend-
ant upon its proof.

Now, as to the alleged breach of warranties: The evidence
is in direct conflict as to the physical condition and
health of the deceased when the certificate was is-   **2, 3, 4, 5**
sued to him; the witnesses for the plaintiff testify-
ing that it was good, those for the defendant that it was bad.
That issue was properly submitted to the jury and because
of the conflict in the evidence their verdict is final.   He,
in response to printed questions on the application signed by
the deceased, "Have you ever had any disease, injury ar
surgical operation performed?"  "When were you last treated
by a physician?"  "How long sick?" and, "Are there any
remaining effects?" answered, "No," and, "None."   In such
respect it is claimed he did not answer truthfully.   It was
shown, substantially, without dispute, that the deceased
about·seven months prior to obtaining the insurance, in going
through a mining tunnel where he was at work, hurt his knee
on a trolley.   It was bruised, sprained, and swollen, caused
some lameness, and was more or less painful.   A physician
was called once to attend it who testified to its sprained and
swollen condition, and that he prescribed liniment, but that
the injuries had not affected "the general health."   De-
ceased also, some time prior to the insurance, had received a
cut on the back of the hand from a saw, leaving a scar.   He
also, three or four years prior thereto, fell from a swing and

injured his nose, which thereafter, at six or seven intervals, caused a "nosebleed." Because of this evidence it is contended that the defendant, on the issue of the breach of warranty, was entitled to a directed verdict in its favor. It is not claimed that the injuries affected the deceased's general health, or that they contributed to the cause of his death,— "congestion of the lungs." It, however, is claimed that the statements that he had received no injury and had not been attended by a physician constituted a breach of warranty, though such facts or statements were not material to the risk, and that such breach, though not causing the loss, nevertheless avoided the contract. Cases and authorities cited by appellant so hold. 3 Joyce, Ins., sections 1970-1975; 3 Cooley, Briefs on Insurance, 1950-1952; *Nelson* v. *Nederland Life Ins. Co.*, 110 Iowa 600, 81 N. W. 807; *Cobb* v. *Association*, 153 Mass. 176, 26 N. E. 230, 10 L. R. A. 666, 25 Am. St. Rep. 619. But in a recent case we held otherwise. *Bednarek* v. *Brotherhood of American Yeomen*, 48 Utah 67, 157 Pac. 884. Adhering to this decision, we are not prepared to say that the deceased's failure to state that he, seven months prior to obtaining the certificate, was visited by a physician for a sprained knee, or his failure to state such injury, or the other injuries, was, as matter of law, of such materiality as to avoid the contract, or that such injuries or withholding knowledge of them substantially increased the chances of loss insured against. *Penn Mutual Life Ass'n Co.* v. *Trust Co.*, 73 Fed. 653, 19 C. C. A. 286, 38 L. R. A. 33, 70. We think such matters were of fact and not of law, to be, as they were, submitted to the jury. The judgment is therefore affirmed, with costs.

FRICK and McCARTY, JJ., concur.