## 8095.  HOUZE v. BLACKWELL.

The Supreme Court having decided that the petition in this case showed the action to be for deceit, the court below erred in allowing the plaintiff to amend it so that he could proceed for money had and received.

DECIDED JUNE 29, 1917.

Attachment; from Milton superior court—Judge Patterson. October 30, 1916.

In the original petition it is alleged, that "defendant is indebted to petitioner in the sum of $139, together with interest from the 26th day of November, 1913, at 7 per cent., because of the following facts:" On that day the defendant offered for sale at auction, through an auctioneer, a certain horse. He authorized and directed the auctioneer to announce and guarantee to bidders that the horse was gentle and not afraid of automobiles, and was a good work horse, and could be worked to plow, wagon, or buggy. Under this recommendation and guaranty the plaintiff bid on the horse and it was knocked down to him for $139; and afterwards on the same day, when he went to the defendant to pay the bid, he asked the defendant fully in reference to the horse, the defendant guaranteed the horse in equally as strong terms as set out above, and told him that it was a good work horse, was biddable, would work anywhere, was easily controlled, was not afraid of automobiles, and was well worth $139; whereupon he paid the defendant $139. Had it not been for the personal guarantee and recommendation that the defendant gave the horse, he would not have bought it and paid his money. The plaintiff knew nothing of the horse or its qualities, and relied entirely upon the defendant's recommendation and guaranty. The defendant did know and should have known all about the horse. The horse, as the plaintiff afterwards discovered, was not a good work horse, would not work satisfactorily to anything, was stubborn and obstinate, was afraid of automobiles, and was entirely worthless and without any value to the plaintiff. The plaintiff, ascertaining the worthlessness of the horse, took it to the defendant and tendered it back, and asked the defendant to make good his guaranty and return the plaintiff's money. The plaintiff left the horse in the defendant's possession and has since had no control over it and nothing to do with it. The defendant failed and refused and still fails and refuses to pay the plaintiff his money. "Wherefore petitioner prays judgment

for said money so paid by him to the said [defendant] as allowed by law." On exceptions by the defendant to the overruling of a motion for a new trial, the Supreme Court held, among other things, that this "petition, properly construed, shows the action to be one for deceit to recover an amount paid as the purchase-price of a horse in pursuance of a contract of purchase induced by actual fraud upon the part of the vendor." 144 *Ga.* 700.

On a subsequent trial the court, at the close of the evidence, allowed the plaintiff to amend the petition as follows: "Said defendant agreed and contracted with plaintiff, at the time he paid his bid, that if the horse was not as he recommended and guaranteed in every particular, that it was his horse and he would pay back plaintiff his money, and that he was not selling the horse unless he was a good work horse and a good family horse and all right in every way, and upon this statement plaintiff turned over to defendant his money and his check, and the defendant received the same and still has plaintiff's money, and plaintiff is entitled to recover the same as money of plaintiff had and received by the defendant." The defendant demurred, on the grounds, (1) that the amendment "adds a new cause of action, and adds an action ex contractu to a suit for tort;" and (2) that the amendment "is not in the form of a new count, but is added to the count in tort." Error is assigned on the overruling of the demurrer and on the refusal of a motion for a new trial.

*George F. Gober, G. B. Walker, W. I. Heyward,* for plaintiff in error. *J. P. Brooke,* contra.

BLOODWORTH, J. When this case was before the Supreme Court (144 *Ga.* 700, 87 S. E. 1054), that court decided that the petition, properly construed, showed the action to be for deceit. An action for deceit is an action in tort. Civil Code, 1910, § 4410; *Brooke* v. *Cole,* 108 *Ga.* 252 (33 S. E. 849); Brady v. Evans, 78 Fed. 558-560 (24 C. C. A. 236); *Lamb* v. *Howard,* 145 *Ga.* 847 (90 S. E. 63). "A tort is a legal wrong committed upon a person or property, independent of contract." Civil Code (1910), § 4403. "When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other." Civil Code (1910), § 4407. "A claim arising out of an alleged tort can not be joined in the same action with a claim for money had and received, the rule of the code being that

plaintiff may join all causes of action of like nature; causes ex-delicto can not be joined with causes ex contractu." *Teem* v. *Ellijay*, 89 *Ga.* 155 (2) (15 S. E. 33); *Sharpe* v. *Columbus Iron Works Co.*, 136 *Ga.* 483 (71 S. E. 787); *Croghan* v. *New York Underwriters Agency*, 53 *Ga.* 109 (2); *Cheney* v. *Powell*, 88 *Ga.* 633 (15 S. E. 750); *Brooke* v. *Cole*, supra; *Hutchens* v. *Seaboard Air-Line Railway*, 144 *Ga.* 313 (2), 315 (87 S. E. 28); *Dunn* v. *Fairbanks-Morse Co.*, 19 *Ga. App.* 548 (91 S. E. 1005); *Peel* v. *Bryson*, 72 *Ga.* 335; *Perdue* v. *Harwell*, 80 *Ga.* 150 (4 S. E. 877). In the instant case plaintiff is bound by his election to sue for the tort, and the court erred in permitting the petition to be so amended that he could proceed for money had and received. As a new trial is to be granted on account of this error, it is unnecessary to discuss the other alleged errors.

*Judgment reversed. Broyles, P. J., and Jenkins, J., concur.*