20922.   McLENDON *et al.* v. GALLOWAY *et al.*

MOBLEY, Justice.   Hoyte W. Galloway filed his petition in the Superior Court of Fannin County against Hoyt McLendon, William T. Holloway, Fannin Hardware & Supply Company, Inc., and J. M. Eaton, Jr., president of the Fannin County Bank, alleging that McLendon and Holloway owed him $6,000, plus interest, pursuant to a written contract whereby the plaintiff sold the defendants, McLendon and Holloway, all the capital stock, consisting of eighty shares, in the Fannin Hardware & Supply Company, Inc., for a consideration of $10,000.   Of this, $4,000 was paid at the time the contract was executed, and promissory notes for the balance of $6,000 were given.   The action is for breach of the contract to pay the balance due thereunder.

In his petition, the plaintiff alleged that the defendants, McLendon and Holloway, had been in possession of the assets of the corporation and had operated the business since the date of the execution of the contract; that soon after taking possession of the assets of the corporation, the said defendants claimed that certain debts had been brought to light of which they had no knowledge at the time the contract was executed and that the corporate records did not reflect the true financial condition of the corporation; that they threat-

ened the plaintiff with a suit to recover those debts; and that, in a compromise settlement, and in full accord and satisfaction of any and all controversies as to any obligation of the plaintiff to the defendants, the plaintiff executed a promissory note in favor of the defendants in the sum of $1,737, which they accepted as settlement of such debts.

The defendants countered with an answer and cross-bill in which they alleged that the plaintiff had, prior to the execution of the contract, misrepresented to them the number and amount of debts owed by the corporation and that some of those debts had been discovered after execution of the promissory note by Galloway in settlement of certain debts undisclosed at the time the contract was executed. They further alleged that the plaintiff stated to them at the time of purchase that the corporation had a net worth of $10,000, which statement was false, since the corporation was then insolvent; that, unknown to them the plaintiff was indebted to the corporation in the amount of $12,163.57, which was past due and unpaid; and that the misrepresentations by the plaintiff were wilful and made with intent to deceive the defendants and to induce them to purchase the stock of the corporation. They prayed that the indebtedness of $12,163.57 of the plaintiff to the corporation and damages for fraud and deceit be set off against their indebtedness due the plaintiff for the stock in the corporation. The plaintiff filed general and special demurrers to the answer and cross-bill, as amended.

The trial judge sustained the plaintiff's special demurrers to paragraphs of the answer and cross-bill pertaining to the alleged debt of $12,163.57 owed by the plaintiff to the corporation and sustained the general demurrer to and dismissed the answer. The court then rendered judgment in favor of the plaintiff against the defendants for $4,623 and $115.58 interest. To these judgments of the trial court, the defendants excepted. *Held:*

1. "As to setoff, equity generally follows the law; but if there shall be an intervening equity not reached by the law, or if the setoff shall be of an equitable nature, the courts of equity shall take jurisdiction to enforce the setoff." *Code* § 37-308. Insolvency is one of the intervening equities contemplated by this section. *Hecht v. Snook & Austin Furniture Co.*, 114 Ga.

921 (41 S. E. 74). "Damages arising ex delicto cannot be set off against a cause of action arising ex contractu, but a defendant sued at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a non-resident." *Arnold v. Carter*, 125 Ga. 319, 325 (54 S. E. 177). Insolvency of the plaintiff was alleged by the defendants in their answer and cross-bill. Equity will take jurisdiction to enforce setoff of damages allegedly suffered by the defendants by reason of a tort, the action for fraud and deceit, as against the action on contract by the plaintiff. This case having been converted into a suit in equity, this court has jurisdiction.

2. "Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action." *Code* § 105-301. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." *Code* § 105-302. The elements essential to an action in tort for damages resulting from a material misrepresentation constituting fraud are: "(1) that the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727, 728 (3) (16 S. E. 2d 176). See also *Brooke v. Cole*, 108 Ga. 251 (33 S. E. 849), and *Cosby v. Asher*, 74 Ga. App. 884, 886 (41 S. E. 2d 793). In the answer and cross-bill in the instant case, the defendants alleged these essential elements: (1) that, at the time the defendants purchased the capital stock of the defendant corporation, the plaintiff misrepresented to them the number of debts owed by the corporation and misrepresented the net worth of the corporation to be $10,000; (2) that the plaintiff

knew his representations as to the debts owed by the corporation and as to the net worth of the corporation were false; (3) that the plaintiff made the false statements in order to deceive the defendants and to induce them to purchase the stock; (4) that the defendants purchased the capital stock in the defendant corporation because of their faith in the plaintiff and because of their belief in the truth of his statements relative to the debts of the corporation and its net worth; and (5) that, by reason of the misrepresentations, the defendants were damaged in the amount of $5,923.34. The answer states a cause of action for fraud and deceit.

The plaintiff, however, alleges that the promissory note in the amount of $1,737 given by him to the Fannin Hardware & Supply Company, Inc., was in full accord and satisfaction between the parties of any and all controversies as to any obligation of the plaintiff to the defendants because of undisclosed debts of the corporation; and he argues that, by reason thereof, the defendants may not maintain a cause of action for fraud and deceit against him, all of said undisclosed debts having been settled by his giving the note. The defendants allege in their cross-bill, however, that the note for $1,737 was given in settlement only of certain itemized debts which they discovered after their purchase of the stock of the corporation and prior to the date of the execution of the note; and they allege as damages in their action for fraud and deceit the debts subsequently discovered which were unknown to them at the time of their acceptance of the note for $1,737. The promissory note is a plain promissory note for $1,737 payable by the plaintiff to the Fannin Hardware & Supply Company, Inc., and what it was given for, or in settlement of, was not agreed to in writing. Rather, it was a matter of oral agreement between the parties over which they are in disagreement and, consequently, is a matter of defense, which presents a question for a jury to decide.

The contract contained the following provision: "Second parties hereby release first party and all previous officers of this corporation, from any liability, or claim liability, for any misconduct of whatever kind, including any claimed improper withdrawal of corporate funds, or misapplication of funds prior to this date." The plaintiff's contention that this provision released the plaintiff from liability for any fraud

that he is alleged to have practiced on the defendants in the procurement of the contract and sale of his stock in the corporation is untenable. The provision does not purport to do that, but deals only with liability of the plaintiff, an officer of the corporation, and former officers of the corporation, to the defendants for any misconduct of whatever kind, including claimed improper withdrawal of corporate funds, or misapplication of funds prior to the date of the contract. The parties by the use of these terms clearly did not intend to release the plaintiff on any misrepresentation he may have made as to the solvency of the corporation and the debts owed by the corporation but the purpose of this provision was to serve as a release for the enumerated things that may have occurred during the operation of the company prior to sale of the stock. It is not necessary to a decision of the question here presented to determine the effect of this release on the liability of the plaintiff and other officers of the corporation to the corporation.

3. The trial court properly sustained paragraphs 2 and 4 of the plaintiff's special demurrer to that part of the defendants' answer relating to allegations that the plaintiff owed Fannin Hardware & Supply Company, Inc., $12,163.57, as set out in paragraphs 14, 20, 21, and 23 of the defendants' said answer, and to subparagraph (b) of the prayer of the answer which prayed that the indebtedness of $12,163.57 of the plaintiff to the defendant, Fannin Hardware & Supply Company, Inc., be set off against the indebtedness of the defendants, Holloway and McLendon, to the plaintiff for the purchase price of the capital stock in the Fannin Hardware & Supply Company, Inc. Clearly, the defendants, Holloway and McLendon, are not entitled to have any alleged indebtedness due by the plaintiff to the corporation set off against their indebtedness to the plaintiff. Fannin Hardware & Supply Company, Inc., a corporation, is a separate entity; and obligations owed by the plaintiff to the corporation cannot be satisfied by payment to Holloway and McLendon as individuals or by setting off the indebtedness of the plaintiff to the corporation against their claims against the plaintiff. Therefore, the allegations as to the $12,163.57 indebtedness due the corporation by the plaintiff are not germane to the cross-action of the de-

fendants, Holloway and McLendon, against the plaintiff, and were properly stricken on demurrer.

4. In their cross-bill, the defendants stated a cause of action for fraud and deceit. A petition will withstand a general demurrer if it is good for any reason. Accordingly, the trial court erred in sustaining the general demurrer to the defendants' answer and in striking it. All subsequent proceedings were nugatory, and the judgment entered for the plaintiff against the defendants, McLendon and Holloway, must be set aside.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JUNE 13, 1960—DECIDED SEPTEMBER 8, 1960.

*William Butt, Herman J. Spence,* for plaintiffs in error.
*A. J. Henderson, Marion T. Pope, Jr., John S. Wood,* contra.