## 28186. BLACKMON v. SCOVEN et al.
## 28187. HOUSER v. SCOVEN et al.

ARGUED SEPTEMBER 11, 1973 — DECIDED
OCTOBER 26, 1973.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Gary B. Andrews, Assistant Attorneys General,* for Blackmon.

*Lennie F. Davis, E. H. Polleys,* for Houser.

*H. Norwood Pearce,* for appellees.

GRICE, Presiding Justice. These two appeals involve the collection of fees and penalties for late payment of ad valorem taxes on motor vehicles.

The plaintiff appellee J. O. Scoven filed a complaint in the Superior Court of Muscogee County individually and on behalf of all others the same or similarly situated, against John Blackmon,

State Revenue Commissioner, and his agents and employees. The complaint was subsequently amended to include Rembert C. Houser, Tax Commissioner of Columbus, Muscogee County, Georgia.

Thereupon the judge temporarily restrained defendants from collecting late fees from persons purchasing motor vehicle tags and paying taxes on April 2, 1973.

The amended complaint alleged essentially as follows: that the defendants had the duty of collecting license fees and ad valorem taxes which are owed the State of Georgia on motor vehicles; that these fees and taxes were required to be paid on or before April 1 of each year; that April 1, 1973, occurred on Sunday; and that the County Tax Commissioner's office was closed on Saturday, March 31, 1973, and Sunday, April 1, 1973.

The complaint further recited that the plaintiff and the class of persons on whose behalf the action was brought, while standing in line to pay the aforementioned fees and taxes, were informed by the Tax Commissioner of Muscogee County and deputy sheriffs of that county who were aiding him that the deadline for paying these fees and taxes had been extended through Monday, April 2, 1973, and that persons paying them on that date would not be charged the late fees and penalties otherwise required by law; that in reliance upon these representations he and the class for whose benefit the action was brought paid their fees and taxes after April 1, 1973; that the defendants collected or attempted to collect late fees and penalties from those persons paying after April 1, 1973; that these actions operated as a fraud upon him and his class; that they had no adequate remedy at law; and that unless permanently and temporarily enjoined, irreparable harm would result to them.

The prayers were for equitable and other relief.

Both the State Revenue Commissioner and the County Tax Commissioner filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of jurisdiction of the subject matter.

Upon the hearing the parties stipulated the material allegations of fact in the complaint to be true.

The trial court denied the defendants' motions to dismiss and continued in full force and effect the restraining order previously issued. It found that Code Ann. § 102-102 (8) automatically extended the deadline for paying fees and taxes through April 2, 1973; that a fraud had been perpetrated upon the plaintiff and others similarly situated; that the plaintiff and all others similarly

situated had no adequate remedy at law; and that without the intervention of equity a multiplicity of suits would occur.

In our view, the trial court erred in denying both motions to dismiss and in continuing in force the injunction because the complaint did not qualify for equity jurisdiction and the plaintiff failed to utilize the available legal remedies.

1. Our Code requires that all averments of fraud "shall be stated with particularity." Ga. L. 1966, pp. 609, 620 (Code Ann. § 81A-109 (b)). The complaint here, however, fell far short of this requirement.

The plaintiff here neither alleged nor attempted to prove that he and the class of persons he purported to represent "acted on" the defendants' representations when they left their places in line, so as to suffer injury as contemplated by Code § 37-703. Therefore it was not established that they relied upon the statements of the defendants' agents to their detriment.

To prove fraud the plaintiff must rely upon the false representations of the defendants and sustain an alleged loss and damage as the proximate result of their having been made. *McLendon v. Galloway,* 216 Ga. 261, 263 (116 SE2d 208) and citations.

From the above it is clear that the trial court erred in finding that a fraud had been perpetrated upon the plaintiff and his class by the defendants as alleged in the complaint.

2. The provisions of our public revenue statutes governing *tax* procedures clearly include related *penalty* procedures. Section 37 (Ga. L. 1937-38, Ex. Sess., pp. 77, 96; Code Ann., § 92-8439) recites that "All penalties imposed by state statutes are part of the tax to be collected as such. The proceeding to collect the original tax, the tax constituted from penalties imposed and the interest shall all be conducted in the same manner."

It is apparent from this provision that the trial court erroneously concluded that a penalty was not a tax and that there was "no tax assessment involved in this matter" in granting equitable relief when the plaintiff had made no effort to invoke the legal remedies provided by the public revenue statutes.

The plaintiff here could have properly contested the assessment of the ad valorem tax, including the late penalty imposed, by purchasing the license plate without payment of the ad valorem tax and filing with the tax commissioner an affidavit of illegality to the assessment together with a surety bond "in an amount equal to *the tax and any penalties* and interest which might be found to be due." Ga. L. 1966, pp. 517, 520; 1967, pp. 91, 93 (Code Ann. §

92-1512). (Emphasis supplied.)

Court review of decisions by the tax commissioner is also provided. Ga. L. 1943, pp. 204, 206 (Code Ann. § 92-8426.4).

Clearly our public revenue statutes provide ample remedial provisions for relief in various situations, and this court has so recognized. See e. g., *Walnut Transfer & Storage Co. v. Harrison,* 185 Ga. 720 (196 SE 432); *Rozier v. Redwine,* 211 Ga. 208 (85 SE2d 34); *Farr v. Williams,* 214 Ga. 525 (106 SE2d 14); *City of Carrollton v. Word,* 215 Ga. 104 (109 SE2d 37); *Hawes v. Connor,* 224 Ga. 567 (163 SE2d 724); *Henderson v. Carter,* 229 Ga. 876 (195 SE2d 4).

It follows that since the plaintiff here failed to pursue the available statutory remedies contained in the public revenue statutes, he was not entitled to the equitable relief granted by the trial court.

3. Although the plaintiff made a general allegation of irreparable injury, nothing that appears in the record establishes how this would be caused by the payment of a late penalty.

This court has long held that " 'An injury is irreparable either from its nature, as when the party injured can not be adequately compensated therefor in damages, or when the damages which may result therefrom can not be measured by any certain pecuniary standard.' 10 Am. & Eng. Enc. L. (2d Ed.) 361." *Camp v. Dixon, Mitchell & Co.,* 112 Ga. 872, 876 (38 SE 71, 52 LRA 755). See also *Farley v. Gate City Light Co.,* 105 Ga. 323, 327 (31 SE 193).

It should be noted, however, that Code Ann. § 92-1512, supra, provides that license plates may be purchased without payment of the tax or penalty being contested; and the fact that bond is required under that statute would not entitle the plaintiff and his purported class to injunctive relief under the definition of this court of irreparable injury.

4. In our view the existence of the legal remedies provided by our public revenue statutes precludes the equitable class action that was sought here. In particular, the procedure set forth therein for returning illegally collected taxes (Ga. L. 1937-38, Ex. Sess. pp. 77, 94; as amended 1971, p. 378; Code Ann. § 92-8436) obviates the necessity of a class action based upon avoidance of a multiplicity of suits. See also in this connection, *Henderson v. Carter,* 229 Ga. 876, 879, supra.

As suggested by counsel for defendants upon the hearing, if one successful contest of the penalty were made under this section, then the ruling would apply to all those persons in the same

circumstances. Therefore the trial court erroneously concluded that equitable relief was authorized here to avoid a multiplicity of suits.

While we are mindful that under the Civil Practice Act a complaint is no longer construed most strongly against the plaintiff, a motion to dismiss for failure to state a claim should be sustained where the complaint shows with certainty that the plaintiff is not entitled to the relief sought under any facts which could be proved in support of his claim. Where, as here, the relief sought can be obtained in a manner provided by law, a suit in equity for injunction will not lie.

We do not reach the merits of the case in the disposition we make here. Therefore it is unnecessary to decide whether or not Code Ann. § 102-102 (8), which provides that "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise such privilege or discharge such duty," is applicable to the instant situation. Ga. L. 1958, pp. 388, 389; 1967, pp. 579, 580.

For the foregoing reasons the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter and Jordan, JJ., who dissent.*