## 50969. DAVIS v. FOX POOL CORPORATION et al.

DEEN, Presiding Judge.

Davis filed a six-count petition against Fox Pool Corp., manufacturer of a Fox brand swimming pool, Aqua-Rama of Atlanta, Inc., a distributor, and Charles Walker d/b/a Stone Mountain Pool Company, the contractor who installed the pool, alleging in six counts: (1) the defendants orally contracted with him to install a Fox Pool, and breached the contract; (2) the defendants negligently installed the pool, thereby damaging equipment purchased by the plaintiff; (3) the defendants fraudulently misrepresented their product; (4) plaintiff purchased "through the defendants and their agents" a pool manufactured by Fox, which was not as impliedly warranted because it was unfit for the purpose intended; (5) defendants have breached an express warranty in regard to the workmanship and construction of the pool, which plaintiff relied on in purchasing it on April 12, 1974, and (6) the defendants, in installing the pool, negligently caused damage to plaintiff's personal property.

The trial court sustained motions for summary judgment filed by Fox and Aqua-Rama. The plaintiff appealed from both these judgments, but has since dismissed its appeal from the grant of a summary judgment to Aqua-Rama, leaving only the judgment in favor of Fox for decision. *Held:*

1. The affidavits submitted in support of and in opposition to the motions for summary judgment establish that Davis contracted only with Walker. Fox, the manufacturer, sells to the distributor, Aqua-Rama, and has nothing to do with the latter's retail sales. Aqua-Rama sells to individual independent contractors and has no interest in or contact with customers. Neither manufacturer or distributor ever contracts with customers. Count 1 (oral contract) and Counts 2 and 6 (negligent installation) can relate only to Walker unless Walker was an agent or employee of the manufacturer in installing the pool. This all defendants have denied, stating facts in their supporting affidavits which establish that Fox sold pools to its distributors,

distributors sold them to contractors, and neither had any control or notice of the persons with whom the latter dealt. Further, it does not appear that Walker dealt with any entity except Aqua-Rama from whom he purchased the pool, and the summary judgment in favor of Aqua-Rama establishes its nonliability under any theory (that is, for any act of its own, or for any act of Walker as its agent). This judgment was supported by the affidavit of Aqua-Rama's president, stating that it purchased and sold swimming pools on a wholesale basis without knowledge of the identity of the ultimate consumer, and "after the plaintiff had complained to the Fox Pool Corporation and Aqua-Rama of Atlanta, Inc. about some problems he was having with the pool installed by Charles Walker, Robert Shearer, acting as agent employee of Aqua-Rama of Atlanta, Inc., did go out to the property and try to effect some adjustment of the problem between [plaintiff] and Walker. This was done after the sale and installation of the pool and was done simply as an accommodation in an attempt to effect some adjustment between the parties."

The rule is of course that evidence is construed in favor of the party opposing the motion for summary judgment. *White v. Front Page, Inc.,* 133 Ga. App. 749 (213 SE2d 32). Only where the movant has pierced the pleadings by showing uncontroverted facts negativing at least one essential element of the plaintiff's case does the burden fall back on the plaintiff to produce rebuttal evidence sufficient to create an issue of fact as to such element. *Central Ga. Electric Membership Corp. v. Drake,* 128 Ga. App. 560 (197 SE2d 389); *Massey v. Nat. Homeowners Sales Service Corp. of Atlanta,* 225 Ga. 93 (165 SE2d 854); *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393).

After the defendants categorically denied in their affidavits that any relation existed between Walker and Fox Pool Corp. (except that Walker purchased a pool for installation from its distributor) the plaintiff offered a counter-affidavit, attaching as an exhibit certain advertising of the manufacturer such as the following: "When Fox selects a man to become a Fox pool dealer or distributor, you can be sure Fox stands ready to give him

all the help he'll ever need. Training by expert pool technicians. Refresher courses. All kinds of up-to-date information. Regular and special visits from Fox factory personnel. A Fox pool specialist is as close to your Fox dealer as his telephone. When he needs help, all he has to do is ask for it." The difficulty with these statements, among others, is that there is no attempt by the plaintiff to show that Walker belongs to the class of persons referred to therein. There is just *no* evidence that Walker was an authorized Fox Pool dealer or distributor. These counts are insufficient to hold Fox under any theory of agency, employment, or joint venture.

2. We next consider Count 3 which alleges merely that *"defendants* fraudulently misrepresented their product to the plaintiff." In answer to an interrogatory requesting that the misrepresentations be listed, the plaintiff replied: "The Fox Pool is advertised as the strongest name in pools. The entire advertising by Fox Pool is misleading." However, the affidavit of the plaintiff to which such advertising is attached affirmatively reveals that it came into the plaintiff's hands only *after* Walker installed the pool; hence, one of the essential elements of a fraud suit, reliance on the false statements, is missing. *McLendon v. Galloway,* 216 Ga. 261 (116 SE2d 208). Nor does the plaintiff in any manner rebut the evidence of the defendants to the effect that Walker has no connection with it and is therefore not one of the authorized dealers or distributors to which the advertising refers.

3. Counts 4 and 5 are based on express and implied warranties respectively. Insofar as Fox Pool Corp. is concerned there is no privity of contract between it and the plaintiff, and therefore no action for breach of warranty will lie here except for express warranties to the ultimate consumer which accompanied the product, such as: "Fox promises that if your Fox vinyl liner separates at the seams or your Fox pool walls deteriorate either from rot or corrosion within 10 years after installation, Fox will either repair or replace such items F.O.B. its factory on a pro-rated cost basis," etc. In answer to the interrogatories the plaintiff listed a series of components which he contended were negligently installed (such as "Entire filter system is improperly

installed") but stated no item which could be charged to defective manufacture by Fox as to which it has issued an express warranty. Therefore, as to these counts also summary judgment was properly entered in favor of that defendant. *Parzini v. Center Chemical Co.,* 134 Ga. App. 414 (1) (214 SE2d 700), reversed on other grounds, 234 Ga. 868 (218 SE2d 580).

4. It follows from the above that the plaintiff has failed in each of the six theories offered to make a jury issue on the liability of Fox Pool Corp., either for any act of its own or on the theory of respondeat superior. It is noted, however, that in the plaintiff's affidavit opposing the motion for summary judgment he states that this defendant manufactured the pool in question and that "this swimming pool and the equipment attached to it were defective." Is this sufficient in and of itself to raise a jury issue on the theory of strict tort liability (which was not pleaded) under the recent Supreme Court decision in *Center Chemical Co.,* supra? That case holds that Code § 105-106 means "that the plaintiff must show that the manufacturer's product when sold by the manufacturer was defective." There is no such showing. *Summer-Minter v. Giordano,* 231 Ga. 601, 606 (203 SE2d 173) refers to the summary judgment procedure as "an abbreviated trial, but of no less importance than any other trial on the merits of the case." And, quoting from *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580): "We believe the Act was clearly intended to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial even though the petition fairly bristles with serious allegations, if when given notice and an opportunity to produce affidavits by persons competent to testify on their own knowledge to the truth of such allegations the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail." The only "defects" mentioned by the plaintiff are those listed in answers to interrogatories and in general they refer to negligent installation. Nowhere in either the pleadings or the counter-affidavit are any specific defects stated and ascribed to the manufacturer.

Summary judgment was properly entered in favor

of the manufacturer, leaving the case for trial between the plaintiff and the contractor Walker.

*Judgment affirmed. Stolz, J., concurs. Evans, J., concurs in the judgment only.*

ARGUED SEPTEMBER 8, 1975 — DECIDED OCTOBER 30, 1975.

*Murray & Temple, William D. Temple,* for appellant.
*Flournoy & Still, Charles A. Evans, G. T. Crichton, Dennis & Fain, Dennis J. Webb, Theodore Salter, Jr.,* for appellees.