A95A2594. BANNISTER et al. v. DOUGLAS COUNTY BOARD
OF TAX ASSESSORS.
(464 SE2d 29)

JOHNSON, Judge.

The facts are not in dispute in this appeal from the dismissal of an ad valorem tax appeal to the superior court. Taxpayer Thomas E. Bannister and the co-owners of a parcel of real property in Douglas County filed a notice of appeal of their 1992 real property taxes. Concurrently, they tendered a check payable to the Douglas County Tax Commissioner for the amount of past due principal assessed in 1991, the last year for which taxes were finally determined to be due on the property. The commissioner refused to accept the check because it did not include payment of penalties which had been assessed and interest which had accrued. The county filed a motion to dismiss the tax appeal, asserting the trial court did not have jurisdiction to consider the matter. The trial court agreed, and Bannister appeals the dismissal of his action in superior court.

"Before the superior court has jurisdiction to entertain any civil action, appeal, or affidavit of illegality filed under this title by any aggrieved taxpayer concerning liability for ad valorem property taxes, taxability of property for ad valorem property taxes, valuation of property for ad valorem taxes, or uniformity of assessments for ad valorem property taxes, the taxpayer shall pay the amount of ad valorem property taxes assessed against the property at issue for the last year which taxes were finally determined to be due on the property." OCGA § 48-5-29 (a). The question presented in this appeal is whether penalties and interest become part of the "ad valorem property taxes assessed against the property" such that tender of the past due principal only is insufficient to vest jurisdiction in the superior court for purposes of an ad valorem property tax appeal.

Bannister argues that although the taxes were not paid at the time of the filing of the appeal, his tender of payment of the principal should have cured any procedural bar to the action. *Allright Parking &c. v. Joint City-County Bd. &c.*, 244 Ga. 378, 383-384 (2) (260 SE2d 315) (1979). The real issue does not involve payment versus tender, however, but whether the county's position, accepted by the superior

court as the basis for the dismissal of the appeal, that penalties and interest *become* ad valorem taxes when imposed, thus justifying the refusal of Bannister's tender, is a correct interpretation of the statute.[1] Although this issue has never been addressed in the context of an appeal pursuant to OCGA § 48-5-29, we believe that the trial court's interpretation is consistent with other portions of the Code and previous decisions from our state's Supreme Court.

OCGA § 48-2-42 provides: "All penalties imposed by law *are part of the tax* and are to be collected as such." (Emphasis supplied.) See 1963-1965 Op. Atty. Gen., p. 25-26. In a case which involved ad valorem taxes on automobiles, *Blackmon v. Scoven*, 231 Ga. 307, 309 (2) (201 SE2d 474) (1973), the Supreme Court noted that the "trial court erroneously concluded that a penalty was not a tax" and held that the plaintiffs were not entitled to equitable relief because they could have contested the tax by purchasing the license plate and filing an affidavit of illegality together with a surety bond "in an amount equal to the tax and any penalties and interest which might be found to be due." (Citations, punctuation and emphasis omitted.) Id. Several other provisions of the tax code are instructive, as they contemplate that a penalty becomes part of the tax after it has been assessed. See OCGA §§ 48-6-30 (intangible tax) and 48-7-126 (income tax).

Because Bannister failed to satisfy the jurisdictional prerequisites for maintaining his appeal, the superior court correctly concluded that it lacked jurisdiction. The dismissal of the appeal was proper.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 9, 1995.

*Bannister & Black, Charles C. Black*, for appellants.
*Edwards & McLeod, Robert B. Edwards*, for appellee.

---

[1] Unless the county believed there was an accord and satisfaction issue, we do not understand why the tax commissioner would refuse the tender of the past due principal as a partial payment.