### JOHNSON *et al. vs.* GILES *et al.*

While generally a contract cannot be rescinded for fraud unaccompanied with damages, yet a principal may rescind transactions with his agent, or a *cestui que trust* transactions with the trustee, produced by fraud, without proof of damages.

(*a.*) Where titles are obtained by fraud an implied trust is created, and upon offering to refund the purchase money with interest, a court of equity will compel the acceptance of the indemnity and an execution of a deed to the property so fraudulently obtained.

(*b.*) On a bill to recover property, the title to which was alleged to have been obtained through the fraud of an agent, it was error to charge that, although the title may have been obtained by fraud, yet if full price was paid therefor, there could be no recovery, and that if full price had not been paid, a recovery could be had up to such value.

November 7, 1882.

Fraud. Equity. Damages. Title. Before Judge SIMMONS, Bibb Superior Court, October Adjourned Term, 1881.

Reported in the decision.

BACON & RUTHERFORD, for plaintiffs in error.

W. DESSAU; WHITTLE & WHITTLE, for defendants.

CRAWFORD, Justice.

This bill was filed by the plaintiffs in error as the chil-

dren of William and Maria Johnson to recover the lands specified therein, upon the ground that the defendants obtained it by fraud, at a sheriff's sale which they procured to be made by the fraudulent combination of the defendants, in purchasing the *fi. fa.* under the pretence of protecting the land from sale for the benefit of the said Maria Johnson and these complainants, when, in truth and in fact, they were seeking to, and did sell the same, that they themselves might become the owners thereof.

The bill set forth that the said William Johnson left a will, directing that his land be sold, and after the payment of his debts, that the balance of the money be invested in another place for the use of his wife for life, and at her death to go to his children; that in accordance with the will, the executors sold the land of deceased, and invested in another place, taking the titles in their names as executors, with a life estate to the said Maria, and remainder over to the said children; that this place was subsequently sold by a proper order of court, and that the said Maria, who was an executrix of the said William Johnson, bought the place now in controversy and took the titles in her individual name; that for this land she paid $1,000.00 in cash, which was received by her in payment for the other place, and gave her note for $500.00 more, secured by mortgage on the land for the unpaid balance of the purchase money; that by the purchase of the *fi. fa.* issued from this mortgage and the fraudulent sale thereunder, the complainants had lost the possession of the said land; that their mother having died, they filed their bill to recover the land because of the fraud which was committed in its sale.

After offering to pay back the purchase money with interest, they prayed that the deeds be canceled, the land surrendered, and that the defendants account for the rents, issues and profits thereof.

The defendants by their answers denied all allegations and charges of fraud and combination.

v 69—42

Upon the trial, under the testimony and charge of the ·court, the jury found for the defendants,˙ and the com-·plainants moved for a new trial on the several grounds :set out in their motion; which being refused they excepted.

Under the view which we take of the law of this case, ˙it becomes our duty to award a new trial upon the ground that the judge erred in giving the following charge in sub-stance to the jury : That although ‚Giles obtained this land by fraud, yet if what he paid for the land at the sale, and what he afterwards paid Mrs. Johnson for the homestead, was the full value of the land, then the com-plainants cannot recover, as it was fraud without damage; but if these amounts were not the full value, then they could recover what the land was ·worth."

It will be observed that this was not a bill filed to recover the value of the land, or the difference between what was paid and its real value; but was a bill to recover the land itself, because of the fraud of the defendants in obtaining it, and contained that specific prayer, with none ‚other.

The legal effect of this charge was to instruct the jury, that, although this purchase was covered all over with fraud by the defendants, yet if Mrs. Johnson had received the full value of the land—that is, its market price—then that payment to her of the value protected them in their fraudulent title, and the complainants could not recover unless they could prove actual damage.

It is true that a contract cannot generally be rescinded for fraud unaccompanied with damage ; but a principal may rescind transactions with his agent, or a *cestui que trust* transactions with the trustee without proof of dam-age. That a contract cannot generally be rescinded for fraud, or damages recovered therefor without proof of injury sustained, finds ample authority in many cases de-cided by this court, and which may be found in the 2d *Ga.*, 66; 5th *Ib.*, 472; 7th *Ib.*, 434; 14 *Ib.*, 316; 23 *Ib.*, 354; 25 *Ib.*, 247.

But as between principals and agents, *cestuis que trust* and their trustees, a different rule obtains; and wherever one is the agent of another, or his acts constitute him a trustee, then a suit may be maintained to recover the property held by such agent or trustee without proof of damage. Hovenden on Fraud, 484; Bigelow on Fraud, 239, 400.

In this case, it was claimed that one of the defendants, with the knowledge of the other, acted as the agent of Mrs. Johnson, which, if supported by the proof, would take it out of the rule requiring damage to be proved. Section 2316 of the Code declares, that "trusts are implied, where, from any fraud, one person obtains the title to property which rightly should belong to another." In the cases of *Adams vs. Jones*, 39 *Ga.*, 509 ; and in *Rives vs. Lawrence*, 41 *Ib.*, 283, it was held that titles obtained by fraud created an implied trust, and that upon offering to refund the purchase money without interest, a court of equity will compel the acceptance of the indemnity, and the execution of a deed to the property so fraudulently obtained.

That a *cestui que trust* may set aside the sale of a trustee to himself, without proof of damage, see 39 *Ga.*, 675; 10 Ves., 381, 385, 386; and 2 Johns. Ch. Rep. 252.

If the facts alleged by the bill were supported by the proof, as is claimed by the complainants, then the defendants obtained this land by fraud, and the law created an implied trust in them, and they held the same as trustees for the complainants. As has been stated, the bill tendered the money paid with interest, prayed a recovery of the land itself, and an account of the rents, issues and profits; yet the judge, in his charge to the jury, held complainants to the proof of damage, although the land may have been obtained by fraud. Had this been a suit for damages, because of the fraud complained of, then we should have held as he did, and instructed the jury that they could not recover without showing that the defendants did not pay full value for the land.

The question really tried by the jury was not fraud or no fraud in the acts and conduct of the defendants, but was, whether they had or had not paid the full value of the land ; and if they had paid the full value, then that there was fraud and circumvention in obtaining the titles, became wholly immaterial under the charge.

Considering this the main and controlling question under the bill, and that the judge erred in his construction of the law of the case, we reverse the judgment and send it back for a new trial.

. Judgment reversed.