## 15854.   BRIESENICK *et al.* v. DIMOND.

BELL, J.   1.  Under repeated rulings of the courts of this State, where a purchaser of real estate who inspected it was not prevented by fraud on the part of the seller from inspecting it properly, or from making any other inquiry or investigation with respect thereto, and failed to exercise diligence in doing so, he can not have an abatement of the purchase price because of false representations of the seller with respect to its character or value, although in buying the land he may have acted upon misrepresentations of the seller touching these matters, under an express assurance from the seller that he would be safe in doing so.  *Tindall* v. *Harkinson*, 19 *Ga.* 448; *Allen* v. *Gibson*, 53 *Ga.* 600; *Newbern* v. *Milhollin*, 31 *Ga. App.* 247 (20 S. E. 637), and citations. In other words, the courts, in such a case, will not rescue him from that against which by reasonable diligence he could have protected

himself. The purchaser, however, is not obliged to exhaust all means at his command before relying upon the seller's statements. *Fenley* v. *Moody*, 104 *Ga.* 790, 793 (30 S. E. 1002); *Benson* v. *May*, 149 *Ga.* 555 (1 *a*) (101 S. E. 177). Ordinarily the question as to whether, by the exercise of ordinary diligence, he could have discovered the falsity of the representations is one for the determination of the jury *Summerour* v. *Pappa*, 119 *Ga.* 1 (5) (45 S. E. 713).

2. Thus, where a purchaser of lands, who was sued for a balance of the purchase price, defended the action upon the ground of false and fraudulent representations of the vendor, upon which he relied and by reason of which he was damaged, namely, that the land was well drained and fully suited to farming, and where there was evidence from which the jury were authorized to find that, although the purchaser was a "practical drainage man" and made an actual inspection of the physical property, observing its soil, the contour of its surface, and the existing ditches thereon, such inspection was made at a season when the land, generally, was dry, and the truth or falsity of the representations depended not only upon the condition of the particular tract but also upon the topography of the surrounding country and the usual quantity of rainfall at other seasons, with which two last-named conditions the purchaser was unfamiliar, he being from a different and remote section of the country, it can not be said, as a matter of law, that his failure to make a more thorough inspection or to seek in some other way to correctly inform himself was such a lack of prudence on his part as to preclude a reliance by him upon the representations. Whether he failed to exercise proper diligence in the circumstances was a question for the jury. See *Lester* v. *Bank of Adrian*, 25 *Ga. App.* 116 (2) (102 S. E. 746); *Thompson* v. *Boyce*, 84 *Ga.* 497 (11 S. E. 353); *Bigham* v. *Hawkins*, 140 *Ga.* 112 (78 S. E. 809); Woodward *v.* Western Canada Colonization Co., 134 Minn. 8 (158 N. W. 706, L. R. A. 1917C, 270), and notes. This is true notwithstanding there may have been attached to the original contract between the parties an engineer's map indicating a swamp upon a *portion* of the land. See *Summerour* v. *Pappa*, supra. The court committed no error in the admission of testimony, and the evidence authorized the verdict found in favor of the defendant for a partial abatement of the purchase price.

3. The court erred, however, in instructing the jury, in effect, that if the purchaser, "by reason of his being unfamiliar with the conditions," was unable to discover the falsity of the representations "from the inspection made of the property," he was entitled to rely upon the seller's statements. Whether the inspection actually made was attended with due diligence, and, even if so, whether a mere physical examination of the property, though careful, would in itself have met the requirements of common prudence, or whether some further investigation or inquiry ought to have been made, besides the mere inspection of the physical property, were matters exclusively within the province of the jury; that is to say, it was for the jury to determine what particular conduct of the purchaser, under the circumstances, would have satisfied the duty of diligence resting upon him. Compare *Southern Ry. Co.* v. *Cunningham*, 123 *Ga.* 90 (6), 96 (50 S. E. 979); *Macon Ry.*

*& Light Co.* v. *Vining,* 123 *Ga.* 770 (2) (51 S. E. 719). This ruling applies to special grounds 3 and 4 of the motion for a new trial. No other reversible error appears.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 17, 1925.

Mortgage foreclosure; from Glynn superior court—Judge Highsmith. July 10, 1924.

*Conyers & Wilcox,* for plaintiffs.

*Krauss & Strong,* for defendant.