### 16984. BRIESENICK *et al. v.* DIMOND.

BELL, J. 1. The evidence authorized the verdict in favor of the defendant. *Briesenick* v. *Dimond,* 33 *Ga. App.* 394 (2) (126 S. E. 306).

2. The court did not err in charging the jury as follows: "The defendant contends that the property was purchased by him and was sold to him by the plaintiffs as farming property for farming purposes." This was a correct statement of one of the defendant's contentions as made in his answer; and ordinarily it is not error to state the contentions of the

Appeal and Error, 4 C. J. p. 1032, n. 36; p. 1043, n. 45; p. 1044, n. 47.

Damages, 17 C. J. p. 1061, n. 79; p. 1062, n. 84.

Fraud, 27 C. J. p. 92, n. 60.

Trial, 38 Cyc. p. 1610, n. 94; p. 1694, n. 58; p. 1696, n. 68; p. 1778, n. 73; p. 1779, n. 75, 76.

Vendor and Purchaser, 39 Cyc. p. 1268, n. 66.

parties as made by the pleadings. See *White* v. *Knapp*, 31 *Ga. App.* 344 (7 *a*) (120 S. E. 796); *Ga. Ry. &c. Co.* v. *Simms*, 33 *Ga. App.* 535 (5) (126 S. E. 850); *Matthews* v. *Seaboard &c. Ry. Co.*, 17 *Ga. App.* 664 (87 S. E. 1097). Furthermore, the evidence tended to show that false and fraudulent representations were made by the plaintiffs' agent as to the suitability of the land for farming purposes, and that the defendant was induced thereby to make the purchase. It was, therefore, not "immaterial for what purpose the real property was bought and sold."

3. Considered as a whole, the court's charge did not allow the jury to find for the defendant in the absence of proof that the representations were fraudulent as well as false, the jury having been expressly instructed that if their "findings should not be that false and fraudulent representations were made to the defendant by the plaintiffs, then the defendant would not be entitled to an abatement in the purchase-price, and in that case the plaintiffs would be entitled to recover the full amount sued for, principal, interest, and attorney's fees." See *Wilson* v. *Small,*. 28 *Ga. App.* 587, 592 (113 S. E. 238); *City Council of Augusta* v. *Tharpe*, 113 *Ga.* 152 (2) (38 S. E. 389). Nor was the charge error because it permitted the jury to return a verdict in favor of the defendant without finding that the defendant relied, and had the right to rely, upon the representations.

4. When the charge is construed in its entirety, it appears that the court submitted the issue of fraud and damage only in relation to the land, exclusive of timber and of the personalty included in the sale. Hence the charge was not error upon the ground that it was contrary to an assurance given by the judge, in response to a motion of the plaintiffs' counsel to rule out certain testimony, "that he would not submit to the jury any question of abatement in behalf of the defendant on account" of the timber or of specified personalty. "It is not error requiring a new trial that the court omitted to charge the jury there could be no recovery for a certain element of damages' mentioned in the petition, on which there was no proof; no request to do so being made, and the judge in his charge restricting the jury in their investigation only to such damages as were covered by the evidence, and thus involved in the case." *Henson* v. *Taylor*, 108 *Ga.* 567 (5) (33 S. E. 911); *Powell* v. *Augusta & Summerville R. Co.*, 77 *Ga.* 192 (12) (3 S. E. 757).

5. Where under the pleadings and the evidence unliquidated damages are recoverable, it is generally the duty of the court to charge the jury as to the measure thereof, whether requested to do so or not. *Central of Ga. Ry. Co.* v. *Hughes*, 127 *Ga.* 593 (56 S. E. 770); *Central of Ga. Ry. Co.* v. *Madden*, 135 *Ga.* 205 (7) (69 S. E. 165); *A., B. & A. R. Co.* v. *Barnwell*, 138 *Ga.* 569 (5) (75 S. E. 645); *S. A. L. Ry. Co.* v. *Brewton*, 150 *Ga.* 37 (2) (102 S. E. 439); *Towson* v. *Horn*, 160 *Ga.* 697 (3) (128 S. E. 801); *O'Donnelly* v. *Stapler*, 34 *Ga. App.* 637 (131 S. E. 91); *Furney* v. *Tower*, 34 *Ga. App.* 739 (6) (131 S. E. 177); *Central of Ga. Ry. Co.* v. *Hill*, 21 *Ga. App.* 231 (4) (94 S. E. 50). But failure to give such instruction will not be cause for a new trial, where it appears that the losing party was not harmed thereby. *Furr* v. *Eddleman*, 80 *Ga.* 660 (2) (7 S. E. 167); *Mayor &c. of Griffin* v. *Johnson*, 84 *Ga.* 279 (5), 282 (10 S. E. 719); *Rome & Carrollton Construction Co.* v. *Jennings*, 85 *Ga.* 444 (11 S. E. 839); *Boswell* v. *Barn-*

*hart*, 96 *Ga.* 521 (3) (23 S. E. 414); *Southeastern Express Co.* v. *Chambers*, 33 *Ga. App.* .44 (125 S. E. 507); *Tallulah Falls Ry. Co.* v. *Stribling*, 20 *Ga. App.* 353 (4) (93 S. E. 161). And a general charge upon the subject is sufficient, in the absence of request, where the evidence discloses no "elements of special damage of a kind to require more detailed instructions." *Crown Cotton Mills* v. *McNally*, 123 *Ga.* 35 (6) (51 S. E. 13).

6. Where a purchaser of land is damaged by reliance upon false and fraudulent representations of the vendor as to matters affecting the character and value of the property, the measure of damages is the difference between the value of the property at the time of the sale and what its value would have been if the representations had been true. *James* v. *Elliott*, 44 *Ga.* 237; *Smith* v. *Kilpatrick*, 79 *Ga.* 410 (3) (7 S. E. 258); *Estes* v. *Odom*, 91 *Ga.* 600 (5) (18 S. E. 355); *Millirons* v. *Dillon*, 100 *Ga.* 656 (2), 658 (28 S. E. 385); *McCrary* v. *Pritchard*, 119 *Ga.* 876 (7) (47 S. E. 341); *Commercial City Bank* v. *Mitchell*, 25 *Ga. App.* 837 (3 a) (105 S. E. 57); *DeMent* v. *Rogers*, 24 *Ga. App.* 438 (101 S. E. 197); George v. Hesse, 100 Tex. 44 (93 S. W. 107, 8 L. R. A. (N. S.) 804, and note, 123 Am. St. R. 772, 15 Ann. Cas. 456); 27 C. J. 92, § 243, and cit.; 4 Sutherland, Damages (4th ed.), 4388.

7. While the court in the present case did not instruct the jury directly and explicitly as to the measure of damages, the effect of the charge as a whole was to tell the jury that if the purchaser was damaged by the plaintiffs' fraud as alleged, the measure of damages would be the difference between the purchase-price and the actual value of the land at the time of the sale, and to limit them to the application of this measure; and although, under the authorities cited above, the rule as given was incorrect, it was not prejudicial to the plaintiffs, in view of their sole contentions that the property was as represented and was of a value far in excess of the purchase-price. In the light of the issues as developed by the evidence, the improper measure as referred to in the charge was more favorable to the plaintiffs than the true measure would have been. It follows that a new trial should not result because the jury were led to apply an erroneous measure of damages, or because the court failed to give them a correct and explicit instruction upon the subject.

(a) Furthermore, under the evidence and contentions of the defendant, the land was actually worth from $5000 to $12,000; and under the evidence and contentions of the plaintiffs, all representations made were true, and, being so, the land was worth from $24,000 to $30,000. The defendant pleaded and the jury allowed an abatement in the sum of $4700. Thus, under the evidence and under the correct measure, the jury could have found damages in the defendant's favor in a much larger sum if the same had been pleaded. While questions of value are peculiarly within the province of the jury, it is improbable that the verdict would have been more favorable to the plaintiffs if the court had instructed the jury accurately and more fully as to the measure of damages. An erroneous charge as the measure of damages may be cured by the reasonableness of the verdict returned. *Boswell* v. *Barnhart, Southeastern Express Co.* v. *Chambers*, supra.

(*b*) Quære: Is an assignment of error which complains that the court "failed to give the jury any measure of the damages or abatement to which the defendant would be entitled if the jury found that the defendant had been damaged" as alleged, sufficient to raise any question for decision, where the assignment states no rule or principle upon the subject which it is claimed the court ought to have charged? *Odum* v. *Rutledge*, 16 *Ga. App.* 350 (3) (85 S. E. 361); *Smith* v. *Fuller Loan Co.*, 23 *Ga. App.* 726 (99 S. E. 309); *Wade* v. *Eason*, 31 *Ga. App.* 256 (120 S. E. 440); *So. Ry. Co.* v. *Wessinger*, 32 *Ga. App.* 551 (6) (124 S. E. 100).

8. The court did not err in refusing a new trial.

        *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Mortgage foreclosure; from Glynn superior court—Judge Highsmith.  October 1, 1925.

Application for certiorari was made to the Supreme Court.

*Conyers & Gowen,* for plaintiffs.

*A. H. Crovatt, Krauss & Strong,* for defendant.