*Noah J. Stone,* for plaintiff in error.
*Cotterill, Hopkins, Bryan & Ward,* contra.

### 22993. T. A. T. FLYING SERVICE INC. *v.* ADAMSON.

SUTTON, J. 1. An ordinance of the City of Atlanta provides that "It shall be unlawful to leave any aircraft upon said field [referring to the city airport] with the motor running, unless the pilot or mechanic shall be in the same." This ordinance is a reasonable one, and a violation thereof by one as a result of which the person or property of another is damaged constitutes negligence per se.

2. Accordingly, where the plaintiff left his airplane with the defendant to be mechanically tested, and, in completing the test, one of the defendant's servants took the plane aloft and flew the same for a short while, and upon landing the motor of the plane stopped, and such servant got out of the same, leaving no one in the plane and without "chocking" its wheels or otherwise rendering it secure, cranked the plane, and started its motor, whereupon it ran across the landing field, crashing into other planes on the field, and caused considerable damage to plaintiff's plane, the jury were authorized to find that the defendant's servant had violated the above ordinance and that this constituted negligence on the part of the defendant. Consequently the court did not err in charging the jury that if they believed that the defendant's servant violated the above ordinance, this would constitute negligence per se. Nor did the court err in admitting the ordinance in evidence.

3. There being no allegation or evidence to the effect that the defendant's servant could not have made the airplane secure in some manner on landing it on the field, or could not have procured other servants of the defendant or employees of the airport to aid him, there is no merit in the contention that the defendant's servant, knowing that a large number of planes were landing and taking off on this airfield, was afraid that the plane might be in the way and cause an accident unless removed immediately, and that this rendered his act, in so leaving the plane and cranking it, justifiable and excusable.

4. It follows that the court below did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED MAY 29, 1933.

*Anderson, Crenshaw & Hansell, Warren Cox,* for plaintiff in error.
*Spalding, MacDougald & Sibley, Sumter M. Kelley,* contra.