### 24063. DAVIS v. HOPKINS.

DECIDED FEBRUARY 8, 1935. REHEARING DENIED FEBRUARY 21, 1935.

*Tye, Thomson & Tye,* for plaintiff in error.
*G. S. Peck, Etheridge, Belser & Etheridge,* contra.

SUTTON, J. This case was originally instituted by Hopkins against Davis, Kellum, and the City of Atlanta. Plaintiff set up that their joint acts had damaged him. He sought to join therein two other defendants, Karp and the Atlanta Banking & Savings Company, and to enjoin them from proceeding with certain civil actions against him, growing out of and based on the facts set up by the plaintiff in this case as the basis for his action for damages against the three joint tort-feasors, and asking that all actions be consolidated and determined in this proceeding. He alleged that he bought a certain lot from Davis and Kellum and erected thereon a residence, and sold the house and lot to Karp; that after Karp had resided in the house for some time there occurred a cave-in in

the front yard, caused by a sewer under the lot, almost making a complete wreck of the house and lot; that Davis had owned the lot when it was an original ravine, and that this sewer had at that time been defectively constructed, and that it had been covered with dirt about 30 feet deep, and that he had bought the lot from Davis without knowing that the sewer was under it. He alleged that the sewer was in use as a part of the sewer system of Atlanta, and that it was the duty of Davis and Kellum and the city to maintain and repair the sewer, and he made various charges of negligence against them. He alleged that upon the collapse of the sewer Davis and Kellum procured the city to make repairs, and in so doing additional damage was caused to the house and lot from failure to properly brace the cave-in and excavation, and failure to do the work properly and place adequate foundations and supports under the house, which caused the house to settle and become unsafe and dangerous for occupancy, and that Karp moved out and thereupon brought suit against the plaintiff for damages because of the above facts. Two of the defendants, Karp and the bank, were stricken on demurrer. For a complete statement of the proceedings and the facts set up in the petition, see the opinion and decision of the Supreme Court dealing with the rulings of the trial court upon the various demurrers interposed by the different defendants in *Hopkins* v. *Atlanta,* 172 *Ga.* 254 (157 S. E. 473). Davis in his answer did not deny that he had owned the land for a number of years at a time when it was a ravine and that the land had been filled in covering the sewer, and that for some reason the sewer did settle and the house was injured, but he claimed that he did not know who constructed the sewer, and had not known of its exact location under the lot, and was therefore not liable to the plaintiff under the facts and circumstances of this case. The remaining defendants denied liability. The cause proceeded to trial, and there was evidence tending to support the allegations of the petition. The jury found in favor of the City of Atlanta, and the plaintiff made no motion for a new trial as to that defendant. The jury found against Davis and against Kellum, and each of them made a separate motion for a new trial. The trial judge granted a new trial to Kellum, but the motion for a new trial made by Davis was overruled, and to this judgment Davis excepted.

1. The trial court did not err in instructing the jury in this

case that "The plaintiff claims as his measure of damages to this structure the difference between the market value of the same before and after the damage complained of; less the value of the materials in said house as salvage, and he alleges the measure of damage for the injury to the lot complained of is the difference between the market value of said lot before and after said damage, and this would be the measure of damages, from which you would compute a verdict in favor of the plaintiff, provided you find the plaintiff is entitled to recover in this case." *Langley* v. *Augusta,* 118 *Ga.* 590 (10), 598 (45 S. E. 486, 98 Am. St. R. 133) ; *Smith* v. *Floyd County,* 36 *Ga. App.* 554 (2a) (137 S. E. 646). This charge was not error for any reason assigned, notwithstanding Hopkins had sold the property to Karp, because Hopkins had given Davis notice to appear and defend in the suit brought by Karp, which he failed to do. In addition thereto the record discloses that Karp secured a larger judgment against Hopkins than Hopkins recovered against Davis, which was binding on Davis as vouchee.

2. In charging the jury that "if there was a concealed defect in the lot, known to the seller, or which by the exercise of ordinary prudence should have been known by him, and which an ordinarily prudent examination would have discovered, the seller was bound to reveal it to the purchaser," the court laid down a correct applicable principle of law. There was evidence that after Davis acquired title to the lot, and before he started filling in the lot, the sewer was exposed to view, and the jury could have found that had Davis inspected the property before he began dumping rubbish, barrels, and other materials thereon, he would have discovered the sewer. The evidence further disclosed that a quantity of material unsuitable to filling a lot was dumped thereon.

3. The trial judge did not err in charging the jury that "if you believe these ordinances have been violated by these defendants or either of them or all of them, the violation of these ordinances would be negligence per se, that is, negligence in that it is a violation of law." This was a correct statement of the law, because the violation of a city ordinance is negligence per se. *T. A. T. Flying Service* v. *Adamson,* 47 *Ga. App.* 108. Such charge was not inapplicable to the case. It was alleged that the defendants Davis and Kellum violated certain ordinances of the City of Atlanta, and

also it was further charged that the defendant municipality violated certain other ordinances of said city.

4. No error of law appears as to the charge on the measure of damages or otherwise. There was evidence in support of plaintiff's petition, and the verdict in plaintiff's favor against the defendant Davis was authorized. The trial judge did not err in overruling the motion for new trial of the defendant Davis for any of the reasons assigned.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*