### 34941. SOUTHERN *et al. v.* FLOYD.

NICHOLS, J. 1. If there is a concealed defect, known to the seller, in property being sold, the seller is bound to reveal it to the purchaser (*Davis* v. *Hopkins,* 50 *Ga. App.* 654, 179 S. E. 213; *Woodward* v. *Miller,* 119 *Ga.* 618, 46 S. E. 847, 64 L. R. A. 932, 100 Am. St. R. 188; *Stovall* v. *Rumble,* 71 *Ga. App.* 30, 29 S. E. 2d 804) ; and although the purchaser signs a contract of sale which provides that it contains the entire agreement between the parties and that no representation, statement, or inducement except as therein noted shall be binding upon either party, this provision does not relieve the seller from performing his duty to disclose the concealed defect to the purchaser, either by a statement in the contract or otherwise.

2. Concealment of material facts may amount to fraud when direct inquiry is made, and the truth evaded, or where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover (Code § 96-203); and misrep-

resentation may be perpetrated by acts as well as words, and by artifices' designed to mislead. Code § 96-202.

3. The petition in this case contains allegations that the seller of a house and lot concealed a broken place in the boiler of the furnace with a temporary filling, so that it could not have been and was not discovered by the purchasers, who exercised ordinary care in examining the premises, and that, upon inquiry by the purchasers concerning the condition of the heating system, the seller evasively stated that one of the radiators would not heat well, when in fact the furnace would not heat the house, because of the break in the boiler. Notwithstanding the provision of the sales contract that only the inducements therein noted were binding, the petition set out a cause of action for deceit, as the alleged artifice was designed to prevent the purchasers from ascertaining, by the exercise of ordinary diligence in examining the premises, facts which might have prevented them from purchasing. It has been held that the effect of a provision against representations made but not set out in the contract is to show that the purchaser relied on his own judgment and not on the seller's parol statements, fraudulent or not (*Brown* v. *Ragsdale Motor Co.*, 65 *Ga. App.* 727, 16 S. E. 2d 176); but such a provision is without application in the present case, where the fraud alleged to have been perpetrated was such as to prevent the purchasers from exercising their own judgment.

4. The court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Carlisle, J., concur. Quillian, J., disqualified.*

DECIDED FEBRUARY 5, 1954.

*Quillian & Thomas, Alfred A. Quillian,* for plaintiff in error.
*Jess H. Watson,* contra.

Mrs. Anne Southern and Loucille Hinton brought suit for damages against H. B. Floyd, Jr., upon the following allegations: On August 13, 1950, Floyd sold the plaintiffs a house and lot described in a sales contract attached to the petition and made a part thereof. Mrs. Southern, who negotiated the trade for the plaintiffs, inspected the premises as well as she could; and when she inspected the furnace, she did not know that its boiler had burst above and in the top of the door, rendering it useless for heating purposes. It was dark inside the boiler where it was broken, and Mrs. Southern by the exercise of ordinary care was unable to detect this latent defect. Furthermore, Floyd had concealed the condition of the furnace by having the broken place in the furnace filled with a temporary filling, which was not a repair and did not cure the defect, but merely concealed from inspection the break in the furnace. Months before the sale,

Floyd knew of the defective and broken condition of the furnace and had concealed it. Before signing the contract, Mrs. Southern asked Floyd whether the entire heating system for the house was in good condition and whether the furnace heated the house well, advising him that she did not have sufficient information on the subject to learn the truth of these matters by an inspection of the furnace and heating system. Knowing that the plaintiffs were depending upon him to advise Mrs. Southern and to disclose to her the condition of the furnace and heating system, Floyd did not reveal the condition of the furnace to her and thereby fraudulently represented to Mrs. Southern that the heating system and the furnace were in good condition, except that there was one radiator in the house that did not heat very well. Believing that the furnace was in good condition, and having been deceived by Floyd's concealment of the condition of the furnace, the plaintiffs paid Floyd the purchase money for the property and received a deed to it. By reason of the defects in the furnace and boiler, the furnace would not heat the house. The property was valued in the sale at $16,000, but was worth only $15,000 because of the defects in the furnace, and the plaintiff's damages were thus laid at $1,000. Floyd transacted the sale with Mrs. Southern, but Loucille Hinton relied upon Floyd to act in good faith and without fraud. Floyd was aware that the condition of the furnace would not be detected by ordinary diligence when he concealed its condition from the plaintiffs.

The attached sales contract provided: "It is expressly understood and agreed between the parties hereto that this contract as signed by them constitutes the sole and entire agreement by them, and no modification of this contract shall be binding upon either party, unless in writing, signed by them, and attached hereto; and no representation, statement or inducement, except as herein noted, shall be binding upon either party of [or?] agent. . . Improved property is sold to include all heating, lighting, plumbing fixtures and accessories."

The court sustained the general demurrer to the petition, and the exception here is to that judgment.