35833. JACKSON *v.* SMITH.

Decided October 3, 1955.

*Grant, Wiggins, Grizzard & Smith, Wm. G. Grant, Robert W. Spears,* for plaintiff in error.

*Calhoun & Calhoun, Clarence H. Calhoun, Jr.,* contra.

CARLISLE, J. The plaintiff charges in her petition that the defendant, by fraud and deceit, damaged her in the amount of a commission she would have earned from the prospective purchaser if the defendant had, as he represented, been the owner of the property.

"Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action." Code § 105-301. "Wilful misrepresentation of a material fact, made to induce

another to act, and upon which he does act to his injury, will give a right of action . . . [and] in all cases of deceit, knowledge of the falsehood constitutes an essential element." Code § 105-302. An additional element to an action for deceit is want of knowledge by the party alleged to have been deceived that the representation was false. *Cheney* v. *Powell,* 88 *Ga.* 629 (15 S. E. 750).

Taking the allegations of the petition as true, as we must as against a general demurrer, every essential element of an action for fraud and deceit was alleged in the petition, and the trial court did not err in overruling the general demurrer thereto.

It is alleged that the plaintiff was at all times mentioned a duly licensed real-estate broker of this State; that the defendant, knowing at the time that he did not own a certain piece of real property in the city of Atlanta, requested the plaintiff to find a purchaser therefor; that his representation of ownership was made with the knowledge that the plaintiff would act upon the request to find a purchaser, and for the purpose of deceiving the plaintiff and defrauding her of a commission which she would have earned from a prospective purchaser had the defendant's representation of ownership been true; and that by reason of the defendant's fraudulent and deceitful acts the plaintiff was deprived and defrauded of a commission of $500.

It appears that the defendant requested the plaintiff to find a purchaser for the property which he owned, and the plaintiff, believing the defendant's representation to be true, agreed to do so. Subsequently, on September 22, 1954, pursuant to the defendant's authority and request, the plaintiff contacted a named person and advised him of the defendant's desire to sell and dispose of the property, and determined that such named person was interested in purchasing the property and wished to obtain a 30-day option to purchase the property at a price of $18,000. On that date the plaintiff prepared and delivered the option to the prospective purchaser pursuant to the defendant's oral instructions, and it was agreed between the plaintiff and the prospective purchaser that, if the defendant's title to the property was good and merchantable and the prospective purchaser elected to exercise his option, the prospective purchaser would pay the plaintiff a commission of $500. Subsequently, on October 19, 1954, the

prospective purchaser notified the defendant of his election to exercise his option and to purchase the property, but was advised by the defendant that he did not own the property, had never owned it, and could not convey title. Consequently the prospective purchaser did not buy the property.

The present case differs from *Foster* v. *Sikes*, 202 *Ga.* 122 (42 S. E. 2d 441), in this: In the *Sikes* case the defendants were prospective buyers; in the present case the defendant engaged the plaintiff to sell property which he knew that he did not own; in the *Sikes* case no damage was shown, since the defendants as prospective purchasers would not in the absence of a contract to the contrary have been bound to pay any commission; in the present case the prospective purchaser agreed with the plaintiff that he would pay her a commission if the sale was consummated; in the *Sikes* case the defendants as prospective purchasers (though not bona fide ones) were invited to trespass upon the time of real-estate brokers; in the present case we think no such invitation to a "seller" such as the defendant may be inferred; in the *Sikes* case the action was brought for a conspiracy to trespass upon the time of the plaintiff; in the present case the action is for fraud and deceit.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*