37566. GAULTNEY *et al. v.* WINDHAM.

DECIDED JUNE 15, 1959—REHEARING DENIED JULY 9, 1959.

*Byrd & Quillian, Othniel W. McGhee, George E. Saliba,* for plaintiffs in error.

*Martin, Snow, Grant & Napier,* contra.

FELTON, Chief Judge. ■ Where, in a consolidated bill of exceptions, each of the two defendants in the court below assigns error on the trial court's action in overruling his special demurrers to the plaintiff's petition as finally amended, but this assignment of error is not argued in this court either orally or in the brief of counsel for the defendants, who are plaintiffs in error here, and upon which there is no general insistence, such assignment of error will be treated as abandoned. *Evergreen Memory Gardens* v. *Blythe,* 92 *Ga. App.* 413 (88 S. E. 2d 528).

■ Under the view which we take of the petition, the plaintiff has endeavored to frame an independent affirmative action in tort based on fraudulent misrepresentations; that is to say, an independent action in tort for deceit to recover enumerated

damages thus allegedly occasioned. Counsel for the plaintiff insists here that such was indeed the theory and nature of the action which he instituted in reliance on the authority of *Southern* v. *Floyd,* 89 *Ga. App.* 602 (80 S. E. 2d 490), and *Griffin* v. *Butler,* 45 *Ga. App.* 771 (166 S. E. 60).

The gist or gravamen of an action for damages in tort based on the falsity of representations is that they must have involved actual moral guilt. *Dundee Land Co.* v. *Simmons,* 204 *Ga.* 248, 249 (1) (49 S. E. 2d 488); *Wooten* v. *Calahan,* 32 *Ga.* 382, 386; *Penn. Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509, 511 (1b) (144 S. E. 400).

In the *Taggart* case many of the doubts, misapprehensions, and much of the confusion concerning actions of deceit were resolved and set at rest by our esteemed Chief Justice Emeritus Jenkins, who served with such distinction upon the bench of both this court and of our Supreme Court. In that case it is tersely, concisely, and succinctly stated: "Fraud is either actual or constructive. Either constitutes legal fraud. Actual fraud 'consists of any kind of artifice *by which another is deceived.*' It involves moral guilt, since there must be an intentional purpose to deceive. Constructive fraud 'consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience.' It does not involve moral guilt, since it is the act itself, as taken in connection with the relationship of the parties, and not the guilty purpose or intent, which constitutes constructive fraud . . . [Code § 37-702.]

"(a) Either actual or constructive fraud may consist in the misrepresentation of a material fact. Whether the fraud is actual depends on whether the false representation was made with the purpose and intent to deceive.

"(b) A material misrepresentation constituting actual fraud may give rise to an independent action in tort for deceit, to recover for damage thus occasioned. In such a suit it is necessary to show not only that a material misrepresentation was made for the purpose of inducing the plaintiff to act, that he had a right to act, and that he did act thereon to his injury, but it must be shown that such representation was wilfully and

knowingly false, or what the law regards as the equivalent of knowledge, a reckless or fraudulent representation about that which the party pretends to know, *but about which he knows that he does not know,* and by which false pretense his purpose and intent is to deceive. Thus, in any suit sounding in tort for damages on account of actual fraud, the gist of the action is the purpose and design to deceive . . . [Code § 105-302, and citing numerous cases].

"(c) Constructive fraud, as limited and defined by . . . [Code § 37-702], and made to 'consist in any act of omission or commission contrary to legal or equitable duty, trust or confidence justly reposed, which is contrary to good conscience,' is broadened, so far as it relates to misrepresentations of a material fact, by the succeeding . . . [Code § 37-703], since the latter section specifically provides that innocently made misrepresentations, if acted on by the opposite party, constitute fraud, without reference to any limitation being fixed upon the relationship occupied by the parties to whom and by whom such representations are made. Consequently, an innocently made material misrepresentation which the opposite party has a right to act on and does in fact act on to his injury is made to constitute fraud by . . . [Code § 37-703]; but the fact that the opposite party may occupy one of the relationships mentioned by the preceding section defining constructive fraud does not operate to change that which would otherwise be mere constructive fraud, on account of lack of the element of guilty intent, into actual intentional fraud. It follows that whatever may be the rule in certain foreign jurisdictions with reference to innocent misrepresentations when made by one charged with a special duty to the opposite party to know and to impart the truth (see, in this connection, 12 R. C. L., 334, §§ 91-93), under the statutes and decisions of this State such misrepresentations can not amount to anything more than constructive fraud, and, as such, are not creative of any independent right of action for damages in tort in favor of the injured party; but they may support an action in equity to rescind a contract so induced . . . [citing cases and Code § 96-302]. Or they may be pleaded in defense to a suit on

a contract thus procured . . . [citing cases]. Or they may, it might seem, under the doctrine of estoppel, be employed in support of an action founded on the contract itself . . . [citing numerous cases]."

To recapitulate, in an independent affirmative action for fraud and deceit, which must be predicated upon actual fraud, the plaintiff must allege and prove the following essential ingredients: (1) the defendant made the representations; (2) at the time he knew they were false (or what the law regards as the equivalent of knowledge, a fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, Code § 105-302); (3) the defendant made the representations with the intention and purpose of deceiving the plaintiff; (4) the plaintiff relied upon such representations; (5) the plaintiff sustained the alleged loss and damage as the proximate result of their having been made; and (6), an element frequently omitted in the cases enumerating the essentials, "want of knowledge by the party alleged to have been deceived that the representation was false. *Cheney* v. *Powell,* 88 *Ga.* 629 (15 S. E. 750)." *Jackson* v. *Smith,* 92 *Ga. App.* 677, 679 (89 S. E. 2d 526). See also *Bankers Health & Ins. Co.* v. *Givens,* 43 *Ga. App.* 43 (157 S. E. 906); *Lynch Enterprise Finance Corp.* v. *Realty Constr. Co.,* 176 *Ga.* 700 (168 S. E. 782). It is essential that the plaintiff was deceived (5 Am. & Eng. Enc. of Law, 318, 327; 1 Bigelow, Fraud, 466) and there can be no deceit if the plaintiff knows that the representations upon which he is alleged to have acted were false. *Lynch Enterprise Finance Corp.* v. *Realty Constr. Co.* supra.

Properly construed, as against general demurrer, that is to say, accepting all well pleaded allegations, together with all reasonable inferences to be drawn therefrom, as true, and construing the pleading most strongly against the pleader, the petition is defective as an affirmative action in tort for deceit as it is nowhere alleged nor is it inferable from the facts alleged, that the plaintiff *was ignorant* of the condition of the subsoil upon which the foundations of the house were constructed, nor is it alleged, nor is it inferable from the facts alleged, *that the*

*plaintiff was defrauded or deceived* by the defendant agent's representations. See in this connection *Arthur* v. *Brawner,* 174 *Ga.* 477 (163 S. E. 604), where it is held that general allegations that false and fraudulent representations made by the defendant and relied upon by the plaintiff fail to charge actual fraud under the rules stated in *Emlen* v. *Roper,* 133 *Ga.* 726 (66 S. E. 934), and *Mangham* v. *Cobb,* 160 *Ga.* 182 (127 S. E. 408); and see *Clark* v. *Adams,* 29 *Ga. App.* 496 (116 S. E. 122).

It is nowhere alleged that the plaintiff inspected the premises or that the representation of the defendant agent deterred an inspection of the premises by the plaintiff. While it is alleged that "from a close inspection of said house it was impossible to determine whether or not said foundations were constructed on fill dirt or solid ground," this allegation, without more, amounts to nothing more than a conclusion of the pleader.

The *Southern* and the *Floyd* cases, supra, upon which the plaintiff relies are clearly distinguishable from the present one in that in those cases the plaintiff's ignorance of defective conditions is expressly averred, as was the inability of the plaintiffs in those cases to ascertain the true condition of the premises purchased, and the falsity of the representations made.

■ Assuming arguendo that all the requisites of an action for deceit are alleged or are all inferable from the facts alleged, neither of which do we concede, it is axiomatic, as Mr. Justice Little has so cogently and succinctly phrased the rule, that "fraud without damage, or damage without fraud, gives no cause of action," for deceit. *Brooke* v. *Cole,* 108 *Ga.* 251, 252 (33 S. E. 849). If the allegations of the petition be gauged by the proper measure of damages in such actions, which is to say, the difference between the fair market value at the time of the sale and what would have been its value if the allegedly false representations had been true, (*McCrary* v. *Pritchard,* 119 *Ga.* 876 (7), 47 S. E. 341; *Briesenick* v. *Diamond,* 35 *Ga. App.* 668 (6), 134 S. E. 350), it appears from the face of the petition, properly construed, that the plaintiff suffered no damage as the result of the allegedly false representations, for it is alleged that the fair market value of the house, at the time of purchase and prior to the damages which later ensued, was $12,000, the

plaintiff paid approximately $12,000 for the property, and it is then alleged that the market value diminished to $10,500, damaging the defendant in the sum of $1,500. If the fair market value of the house, though built upon fill dirt instead of solid ground, was $12,000, as the plaintiff alleges, and that was the sum which he paid for the house, as he alleges, it can not be said that he was damaged. This is to say that even if we assume that the plaintiff has alleged fraud and deceit, insofar as he attempts to allege an affirmative action for deceit, his petition, properly construed, merely alleges *damnum absque injuria*. See in this connection *Johnson* v. *Giles*, 69 *Ga.* 652, and citations.

The petition failed to set forth a cause of action for deceit as the plaintiff failed to allege all the requisites of actual fraud, and the trial court erred in overruling the general demurrer thereto. All further proceedings were, consequently, nugatory.

*Judgment reversed. Quillian and Nichols, JJ., concur.*