42176. TISON v. ESKEW.

SUBMITTED JULY 5, 1966—DECIDED NOVEMBER 2, 1966.

*Preston L. Holland,* for appellant.

PANNELL, Judge. Joseph D. Tison, purchaser of a house, brought an action against Morris T. Eskew, the builder-seller, to recover damages for injuries to the house caused by hidden

defects *constructed into the house and concealed by the defendant and of which the defendant did not inform the purchaser, representing to him that the house had no defects.*

A general demurrer of the defendant to the petition was sustained and the petition dismissed. The case is on appeal to this court.

In our opinion the trial court did not err in sustaining the general demurrer to the petition seeking damages from the defendant seller because of alleged defects in the house purchased by plaintiff. The defects alleged were the absence of "any pillars under the family room and kitchen," and floor joist of insufficient size "to carry the weight load of the family and kitchen rooms under the subfloor." According to the allegations of the petition these alleged defects were discovered, after the floor had sagged, when the plaintiff and another "crawled under the house." So far as the allegations of the petition disclose, the only reason the plaintiff did not see these alleged defects is because he didn't crawl under the house and look, which was the only place he could have gone to observe them. If the roof had had insufficient rafters or supports, which could be easily seen by going into the attic, we would certainly not consider these as hidden defects, nor do we so consider the defects here.

There have been numerous decisions by this court involving defects in real estate, and the cases were in conflict. These cases were discussed and, in our opinion, a ruling was laid down by which such cases would be governed in the future, in *Whiten v. Orr Constr. Co.,* 109 Ga. App. 267, 269 (136 SE2d 136). In that case this court stated that "to the extent that the seller has actual knowledge of the defect, we are in accord with the rule made in the case of *Davis v. Hopkins,* 50 Ga. App. 654 [179 SE 213]." The court then construed the ruling in that case saying: "The case of *Davis v. Hopkins,* 50 Ga. App. 654, supra, is authority for the proposition that where the seller, knowing there is a defect in the property sold which constitutes an imminently dangerous condition and which defect is concealed by the seller so it could not be discovered by the exercise of ordinary care on the part of the purchaser and the purchaser does not know of this defect and the seller does not reveal it to him and

damage is occasioned to the property by the concealed defect, the purchaser has a right of action based upon fraud and deceit against the seller upon properly pleading his case." Any purchaser of real estate is at liberty to require a warranty from the seller as to the structural soundness of the property. When he does not do so, he can only recover based upon fraudulent concealment of a defect constituting an imminently dangerous condition. In our opinion, the defects described here, as to the absence of pillars, may or may not constitute such a condition, but whether they did or did not is not important or controlling, as here they were not concealed by the seller but were open to plain view by anyone who went to the proper place to view them, that is, underneath the house.

In our opinion the trial judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Frankum, Jordan, Eberhardt and Deen, JJ., concur. Felton, C. J., Nichols, P. J., Bell, P. J., and Hall, J., dissent.*

FELTON, Chief Judge, dissenting. Joseph D. Tison, purchaser of a house, brought an action against Morris T. Eskew, the builder-seller, to recover damages for injuries to the house caused by hidden defects *constructed into the house and concealed by the defendant and of which the defendant did not inform the purchaser, representing to him that the house had no defects.* It is alleged that the defect consisted of insufficient floor joists and no pillars under the family room and kitchen; that the defects became apparent some 5 or 6 months after the purchase when the floor began to warp and sink and that the defects were discovered by the plaintiff and a builder, upon their crawling underneath the house. It is further alleged that the defendant placed the flooring over the joists for the specific purpose of wilfully, wantonly and maliciously concealing the alleged defects and defrauding prospective purchasers.

The doctrine of caveat emptor applies to the sale of realty; there are no implied warranties as to the physical condition of the property sold and ordinarily a purchaser buys at his own risk. *Walton v. Petty,* 107 Ga. App. 753 (131 SE2d 655). This strict rule has been modified in a number of instances where

fraud has been involved. See *Whiten v. Orr Constr. Co.*, 109 Ga. App. 267 (136 SE2d 136), which case expressly overruled, on p. 270, the *obiter dictum* in the case of *Walton v. Petty*, supra, p. 757 (which case involved negligence, not fraud) that ". . . no action can be brought for fraud in concealment of defects in the house, since the plaintiff failed to extract an express warranty as to the condition from the defendant in the contract of sale, reserving it in the deed." "If there is a *concealed* defect, known to the seller, in property being sold, the seller is bound to reveal it to the purchaser. . ." (Emphasis supplied.) *Southern v. Floyd*, 89 Ga. App. 602 (1) (80 SE2d 490) and cit. "Concealment of material facts may amount to fraud when direct inquiry is made, and the truth evaded, or where the concealment is of intrinsic qualities of the article *which the other party by the exercise of ordinary prudence and caution could not discover. . .*" (Emphasis supplied.) Id., headnote 2. "Under repeated rulings of the courts of this State, where a purchaser of real estate who inspected it was not prevented by fraud on the part of the seller from inspecting it properly, or from making any other inquiry or investigation with respect thereto, and failed to exercise diligence in doing so, he can not have an abatement of the purchase price because of false representations of the seller with respect to its character or value, although in buying the land he may have acted upon misrepresentations of the seller touching these matters, under an express assurance from the seller that he would be safe in doing so. [cits.] In other words, the courts, in such a case, will not rescue him from that against which by reasonable diligence he could have protected himself. The purchaser, however, is not obliged to exhaust all means at his command before relying upon the seller's statements. [cits.] Ordinarily the question as to whether, by the exercise of ordinary diligence, he could have discovered the falsity of the representations is one for the determination of the jury. *Summerour v. Pappa*, 119 Ga. 1 (5) (45 SE 713)." *Briesenick v. Dimond*, 33 Ga. App. 394 (1) (126 SE 306).

In the present case, as was true in the case of *Gaultney v. Windham*, 99 Ga. App. 800, 807 (109 SE2d 914), it is nowhere

alleged that the plaintiff inspected the premises, that the representation of the defendant deterred such inspection, or that the plaintiff was unable to ascertain the true condition of the premises by the exercise of ordinary diligence. General allegations that false and fraudulent representations were made by the defendant and relied upon by the plaintiff fail to charge actual fraud. *Arthur v. Brawner,* 174 Ga. 477 (163 SE 604); *Gaultney v. Windham,* supra, p. 807. The implication that the plaintiff *could not* have ascertained the "hidden defects" by an inspection is negatived by the allegation that such defects in fact *were observed* by the plaintiff and another by crawling under the house after evidence of the defects became apparent. Whether the plaintiff's duty to exercise ordinary diligence in inspecting the premises included the necessity of crawling under the house to inspect the underpinnings thereof, however, would be a question of fact for determination by a jury. The courts cannot define such duty as a matter of law, since it varies with the facts of each situation. Here, there is no allegation of the amount of space underneath the house other than that it required "crawling" to gain access to it.

The fraud of this defendant, if any existed, must be based upon his failure to reveal to the plaintiff the known hidden defects, rather than upon his active concealment of the alleged defects by his method of construction. The only allegation as to the latter is that he placed the various floorings over the defects for the purpose of concealment. We can take judicial notice of the fact that the purpose of flooring is the completion of the house to a marketable status and that if it served the additional purpose of concealing the defects such purpose was merely coincidental.

The case should have been submitted to a jury to decide the factual issues, such as whether the alleged concealed defects were in fact defects and were concealed, whether the defendant knew that they were defects and whether the plaintiff should have discovered the defects in the exercise of ordinary diligence. The court, therefore, in my opinion, erred in sustaining the general demurrer to the petition.

I am authorized to state that Presiding Judges Nichols and Bell and Judge Hall concur in this dissent.