### 29361. MEWALL PROPERTIES & LOAN CORPORATION, INC. v. CUTTEN.

ARGUED NOVEMBER 13, 1974 — DECIDED NOVEMBER 26, 1974.

*Friedman, Haslam & Weiner, Bruce A. Howe,* for appellant.
*Lewis & Javetz, Emanuel Lewis,* for appellee.

GRICE, Chief Justice.
This appeal is from a judgment sustaining a de-

fendant's motion to dismiss a complaint which sought, among other relief, the cancellation of a warranty deed based on alleged fraudulent misrepresentation by the defendant. This judgment arose out of an action filed in the Superior Court of Chatham County, Georgia, by Mewall Properties and Loan Corporation, Inc. against William G. Cutten.

The complaint which was dismissed recited in material part the allegations which follow.

On or about April 5, 1971, the defendant induced the plaintiff to enter into a contract to pay the sum of thirty thousand ($30,000) dollars for the purchase of certain described property.

Prior to April 5, 1971, the defendant made material misrepresentations to the officers and agents of the plaintiff which were intended to and did in fact deceive the plaintiff into believing that the property was suitable for the construction of FHA 235 dwelling houses.

The defendant knew at the time he made these fraudulent misrepresentations that the officers, directors and shareholders of the corporation were inexperienced in matters of real estate and building construction.

The defendant, in response to a direct question from the officers, directors and shareholders informed them that the parcel of land was suitable for FHA 235 dwelling houses. Furthermore, the defendant assured the plaintiff that the only preparation necessary prior to construction of said dwelling houses was to minimally clear and grade the land. The defendant also took the officers, directors and shareholders to view other similar projects which he claimed were comparable to that which the plaintiff was induced to purchase.

At all times prior to the time when defendant made said representations, the land in question was totally unsuitable to any kind of construction in its existing state due to the fact that it was low and unstable and had improper drainage.

Defendant knew or should have known, because of his experience in real estate transactions, at the time he made the wilful and malicious false representations to plaintiff that the property was totally unfit for the construction of dwelling houses, except for three lots.

The defendant made his false and material misrepresentations with the intent to deceive the plaintiff into purchasing the described property when he knew that it was unfit for the construction of dwelling houses.

The plaintiff at the time of its purchase of the above described property was ignorant of the falsity of the representations of defendant and instead, relying on the defendant as a man of honesty and integrity, believed that these representations were true.

Plaintiff exercised ordinary diligence by consulting a named bank through its designated agent who inspected the property and indicated that it would be acceptable to the bank for a loan to finance the construction of the proposed dwelling houses.

Due to the nature of the defects in the property, they were not apparent to the agent of the bank but rather were within the knowledge of the defendant who failed to reveal them and falsely represented that they did not exist.

The plaintiff, relying on the false and material misrepresentations of defendant, proceeded to purchase from defendant the described property.

Subsequent to the purchase of the property plaintiff learned that the property was totally unfit for the construction of dwelling houses except for the described three lots.

The plaintiff was injured by relying on the intentional, false and material representations of defendant by purchasing, for thirty thousand ($30,000) dollars, a piece of property which is unfit for the construction of dwelling houses and is unsuitable for any other similar use.

Plaintiff was also injured by the necessity of spending two hundred forty ($240) dollars in preparation for construction which was impossible due to the nature of the property.

Plaintiff, upon learning of the unsuitability of the property for any useful purpose, offered to rescind the sale and return the described property to defendant in return for the purchase price. However, defendant refused and continued to refuse to rescind the fraudu-

lent sale.

The prayers of the complaint were for rescission of the contract of sale; cancellation of the deed; refund of the purchase price with legal interest from April 5, 1971; judgment against the defendant for the further sum of fifty thousand ($50,000) dollars as punitive damages; judgment against the defendant in the amount of three thousand five hundred ($3,500) dollars for attorney fees and the expenses of litigation; and for general relief.

Thereupon the defendant moves for the court to dismiss the complaint for failure to set forth a claim for relief.

The trial court dismissed the complaint and the appeal is from that judgment.

The dismissal of that complaint in our view was erroneous. This conclusion is required by virtue of the enactment of the Civil Practice Act (Ga. L. 1966, p. 609 et seq.; Code Ann. § 81A-101 and particularly § 81A-108 (a)), because the complaint here sets forth a claim for relief. See *Gill v. Myrick,* 228 Ga. 253 (185 SE2d 72).

Although the issue was not raised here, this court has recently held that averments of fraud need not be made with specificity or particularity under the Civil Practice Act. *Cochran v. McCollum,* 233 Ga. 104 (two Justices dissenting). Ordinarily, the question as to whether the falsity of the representations could have been discovered by the exercise of ordinary diligence is one for the determination of the jury. *Summerour v. Pappa,* 119 Ga. 1 (5) (45 SE 713); *Briesenick v. Dimond,* 33 Ga. App. 394 (126 SE 306).

In view of the foregoing, the judgment is reversed.

*Judgment reversed. All the Justices concur, except Nichols, P. J., and Undercofler, J., who dissent.*